No. 21,347.

GRACE ALLEN, *Appellee,* v. THE PEOPLES STATE BANK, *Appellant,* et al.

SYLLABUS BY THE COURT.

1. AGENCY—*Bank Loaning Plaintiff's Money.* The record justified the conclusion that the defendant bank acted as the agent of the plaintiff in loaning the money sued for herein.

2. SAME—*Fraudulent Conduct—Taking Worthless Security.* The petition set forth conduct clearly fraudulent without using that particular adjective. *Held,* that it was proper to instruct on the fraud thus alleged.

3. SAME—*Bank Profited by Transaction.* The evidence tended to show that the bank profited by the transaction.

4. TRIAL—*Evidence.* No error appears touching the admission or rejection of evidence.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed March 9, 1918. Affirmed.

*G. W. Sawyer,* of Liberal, for the appellant.

*F. S. Macy,* of Liberal, *William Barrett,* and *L. G. Turner,* both of Pratt, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant bank appeals from a judgment against it for having loaned for the plaintiff $400 to an insolvent borrower.

Complaint is made of rulings rejecting and receiving evidence, of instructions given, and of overruling a motion for a new trial.

The petition alleged in substance that the bank, well knowing the insolvency of one Franz C. Wimmer, loaned $400 of the plaintiff's money to him, taking a mortgage on a stock of drugs subject to a first mortgage to the bank for $525.25; that plaintiff had advised the bank that she desired to have this loaned with good security; that the bank well knew the insolvency of Wimmer and misappropriated the plaintiff's money by loaning it to him, and used the proceeds to liquidate overdrafts and other accounts owing the bank by Wimmer, who was subsequently adjudged a bankrupt, all of the assets being exhausted by the bank and the plaintiff receiving nothing.

It is complained that no agency was shown, but the record sufficiently justifies the conclusion of the jury on this point.

The court correctly instructed on the subject of fraud, and of this the defendant complains on the ground that no fraud was alleged. The word fraud is not found in the petition, but that pleading as clearly and fully described fraudulent conduct as if that particular adjective had been employed. Hence, there was no error in giving the instructions complained of.

It is argued that the bank could be held only for the unauthorized acts of its officer in case it accepted and retained the benefits arising therefrom, and the question is asked, What consideration did the bank receive or retain? There was evidence that the bank used the proceeds of this loan to pay off overdrafts and other accounts held by it against Wimmer.

We find no error in the rejection or admission of evidence. The jury heard all the testimony, and the trail court approved their verdict. We now add the approval of this court.

The judgment is affirmed.