No. 22,733.

HARRY STONE and LOTTIE STONE, *Appellees,* v. THE JARBALO STATE BANK, *Appellant.*

### SYLLABUS BY THE COURT.

1. EVIDENCE—*Demand for Inspection of Deed—Instrument Sufficiently Identified in Demand.* A notice given under section 366 of the code of civil procedure is sufficient, although the notice may be defective, if it describes the instrument desired with sufficient particularity to enable the party notified to identify it.

2. DEED—*In Escrow—Wrongfully Delivered by Bank—Bank Liable for Damages.* If a bank, after receiving a deed from the grantors therein named with instructions to deliver it to the grantee on the payment of a certain sum of money, delivers the deed on the payment of a smaller sum, the bank is responsible for the damages sustained by the grantors by reason of the delivery of the deed in violation of the instructions.

3. SAME—*Letter of Instructions Received by Bank.* There was evidence which tended to show that the bank in the present case received the letter of instructions concerning the delivery of the deed.

4. DEPOSITION—*Returned to Officer for Proper Certification.* Depositions, by leave of court, may be withdrawn from the files and be returned to the officer before whom they were taken for proper certification.

5. CONTRACT—*Sale of Land—Deed in Escrow—Deed Wrongfully Delivered by Bank—Liability for Damages.* The grantors in a deed sent it with instructions to a bank to deliver the deed to the grantee on the payment of a certain amount of money. The bank accepted an amount less than that named, delivered the deed, remitted by draft the amount received, and stated that the amount remitted was in full for the purchase price. The grantors immediately notified the bank that they would not accept that amount in full for the purchase price. The grantee in the deed immediately conveyed the land to third parties who mortgaged it. Afterward the grantors cashed the draft. *Held,* that the

grantors can recover from the bank the damages sustained by them by reason of the delivery of the deed for an amount less than that named in the instructions.

Appeal from Leavenworth district court; JAMES H. WEN-DORFF, judge. Opinion filed July 10, 1920. Affirmed.

*John T. O'Keefe,* of Leavenworth, for the appellant.

*W. W. Hooper,* of Leavenworth, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs recovered a judgment for $1,-640.40, and the defendant appeals. The plaintiffs entered into a written contract, dated January 24, 1917, with T. H. Moore, to convey to the latter certain real property owned by the plaintiffs in Leavenworth county, for $4,256.25, of which $100 was paid in cash, and $4,156.25 was to be paid March 1, 1917. The contract was in writing and was in duplicate. Both copies were prepared by H. E. Cockrell, and were by him sent to the plaintiffs who resided in Minnesota. They signed both copies and returned one of them to Cockrell. The contract provided that the contract and deed, when signed, should be deposited in escrow in the Jarbalo State Bank, a corporation. The contract was divided into articles, the first one of which described the land and stated that it was free and clear of all encumbrance except $1,425 and interest. The second article of the duplicate retained by the plaintiffs, a copy of which was attached to the plaintiffs' petition, contained the following words:

"First parties agree to sell to second party the above described real estate for the sum of forty-two hundred fifty-six—25-100 dollars ($4,-256.25), and to accept pay for same on the following terms: $100.00 in cash this date deposited in The Jarbalo State Bank to be held in trust until all papers are drawn and signed (contract and deed), and deposited in said bank in escrow and the balance $4,156.25, March 1, 1917, and to convey said real estate as described in article I of this instrument, subject to the incumbrance therein named."

The answer, which was verified, denied the allegations of the petition, and alleged that if the words, "subject to the incumbrance therein named," appeared in the copy of the contract held by the plaintiffs unerased, they were left there by ignorance and mistake on the part of those signing the contract.

The answer also set out all or a large part of the correspondence between the plaintiffs and H. E. Cockrell, the agent who negotiated the contract for the sale of the property. The verified reply denied "each, all and every allegation in said answer contained."

March 1, 1917, W. T. Francis, acting for the plaintiffs, mailed a letter to F. B. Morgan, as president of the Jarbalo State Bank, and inclosed the deed from the plaintiffs to T. H. Moore. That letter was as follows:

"Herewith please find deed from Harry and Lottie Stone to T. H. Moore for farm belonging to Harry Stone in Leavenworth county, Kansas, for delivery to T. H. Moore upon payment to you, for delivery to me the sum of $4,256.25; as per contract entered into on the 24th day of January, 1917, between Harry Stone and wife and said T. H. Moore.

"The contract refers to a mortgage of $1,425 now outstanding against this land and also provided that the parties of the second part will pay to you the said sum of $4,256.25, subject to the incumbrance of the mortgage above named.

"On payment to you of said sum of $4,256.25 you may deliver the executed deed to Mr. Moore and remit the $4,256.25 to me."

Morgan had been president of the defendant bank, but was not holding that position at the time the letter was written. He received the letter, and by mail sent it and the deed to T. H. Moore, who was a bookkeeper in the bank. H. E. Cockrell was the cashier. Moore received the deed and reported that fact to Cockrell. The next day Cockrell sent to the plaintiffs a draft for $2,615.85, and in the letter transmitting the draft, stated that the draft was in full for the land. The plaintiffs immediately responded that they would not accept the amount remitted as the balance due on the purchase price. The dispute that arose in this manner culminated in the present action.

1. One of the questions argued by the defendant is that the court committed error in excluding from evidence the copy of the contract produced by it on the trial. From the copy produced by the defendant the words, "subject to the incumbrance therein named," had been erased. On March 3, 1919, but before the trial, the plaintiffs notified the defendant and its attorney of record that they requested an inspection and copy of certain letters. That notice contained the following:

"You are hereby further notified that the undersigned, as attorney for the plaintiff desires an inspection of the agreement between Harry Stone

and Lottie Stone, dated January 24th, 1917, for the sale of the real estate in controversy.

"This demand is made under section 7270 of the code of civil procedure, of the statutes of the state of Kansas for the year, 1915."

A dispute has arisen concerning the contents of that notice. The plaintiffs contend that the notice named the contract between Harry Stone and Lottie Stone and T. H. Moore, while the defendant contends that the notice was as herein quoted. For the purpose of this discussion we have accepted the contention of the defendant as being true. The defendant did not produce the contract for inspection previous to the time of trial, when the defendant offered it in evidence. The plaintiffs objected to its introduction for the reason that the notice had not been complied with. That objection was sustained. The defendant argues that under the notice given it was not compelled to produce the contract for inspection. The copy of the contract offered by the bank was not set out in the pleadings. The statute, section 366 of the code of civil procedure, under which the notice purports to have been given, reads:

"Either party or his attorney if required shall deliver to the other party or his attorney a copy of any deed, instrument or other writing whereon the action or defense is founded, or which he intends to offer in evidence at the trial. If the plaintiff or defendant shall refuse to furnish the copy or copies required, the party so refusing shall not be permitted to give in evidence at the trial the original of which a copy has been refused. This section shall not apply to any paper a copy of which is filed with a pleading." (Gen. Stat. 1915, § 7270.)

The notice did not strictly comply with the code, but the court thinks that it was sufficiently definite and certain to enable the defendant, without any possibility of making a mistake, to determine exactly what instrument the plaintiffs desired to inspect. The defendant should have complied with the request, at least to the extent required by the statute. The defendant further insists that it was excused from complying with the request by the fact that it did not have control of the copy of the contract. The contract was drawn by H. E. Cockrell, the defendant's cashier, and was with T. H. Moore, its bookkeeper. Evidently one or both of them had the copy of the contract. When the bank was notified of the request of the plaintiffs, Cockrell and Moore must have known of that request, and must have deliberately declined to comply there-

with, and the bank cannot escape the consequences of their conduct. The court rightly excluded from evidence the copy of the contract produced by the bank.

2. The defendant complains of the exclusion of the correspondence between Cockrell and the plaintiffs which the defendant offered in evidence for the purpose of proving the terms of the contract between the plaintiffs and Moore. This action is not between the plaintiffs and Moore, the person with whom they contracted and who was the grantee named in the deed signed by them; the action is against the defendant bank for delivering the deed to Moore contrary to the instructions to the bank. Moore is not a party to the action. No reformation of the contract can be had in this action, and none is asked. The instructions to the bank were to turn over the deed on the payment of $4,256.25. The instructions were not followed. If they could not be followed, it was the duty of the bank, not to construe the contract, but to hold the deed and notify the plaintiffs that their instructions could not be complied with, and to ask for further direction concerning the disposition of the deed. This conclusion is supported by *Bank v. Wilson*, 101 Kan. 72, 165 Pac. 859, *Allen v. Bank*, 102 Kan. 592, 171 Pac. 638, *Supply Co. v. Bank*, 103 Kan. 654, 176 Pac. 129, and *Bank v. Bank*, 106 Kan. 303, 187 Pac. 697. On this question the correspondence between Cockrell and the plaintiffs was wholly immaterial, and was properly excluded.

Responding directly to the complaint of the defendant, the court says that the plaintiffs introduced in evidence their copy of the contract; it was not ambiguous; it did not require any explanation; and all preliminary negotiations, whether oral or in writing, were merged in the contract. When the defendant failed to introduce in evidence the copy of the contract produced by it, there was no reason for introducing in evidence the negotiations preliminary to the contract.

3. The defendant denies having received the letter written by the plaintiffs transmitting the deed to F. B. Morgan, the former president of the bank. The evidence clearly shows that Morgan received both the letter and the deed, and tends to show that he inclosed them in another envelope and mailed them to T. H. Moore. The evidence clearly shows that Moore received the deed; he must have received the letter with the

Stone v. Bank.

deed. Moore informed Cockrell that he had received the deed. Cockrell made out the draft for $2,615.85, and sent it to the plaintiffs. The jury was justified in concluding that Cockrell had knowledge of the letter, and that the bank had received it.

4. The defendant complains that the plaintiffs were permitted to read in evidence certain depositions taken by them, after the depositions had been withdrawn and refiled without notice to the defendant. On the question of notice the record seems to be against the defendant, for the defendant in its abstract states that on April 24 the court made the following order:

"Now on this 24th day of April, 1919, came the plaintiff herein by W. W. Hooper, Esq., one of their attorneys, and also comes the defendant herein by John T. O'Keefe, Esq., its attorney, and thereupon on application of plaintiff's attorney, leave is hereby given plaintiff's attorney to temporarily withdraw depositions of plaintiffs, filed April 22, 1919, to have the notary public properly certify them according to law, to all of which the defendant duly excepts."

The order clearly shows that the defendant had notice of the application to withdraw the depositions, and recites the purpose of the withdrawal. Such withdrawal for the purpose named was within the rule established by the authorities. (18 C. J. 722, 723.)

5. The defendant pleaded and now argues that the plaintiffs accepted the money sent to them by H. E. Cockrell in full satisfaction of the purchase price. The evidence tended to show that Moore, immediately upon receiving the deed to the land, conveyed it to other parties, who executed a mortgage thereon. Moore, therefore, could not reconvey the land to the plaintiffs. They received the money on the draft after they discovered that the land had been sold by Moore. In support of its argument the defendant cites *Neely v. Thompson,* 68 Kan. 193, 75 Pac. 117, *Baugh v. Fist,* 84 Kan. 740, 115 Pac. 551, and *Contracting Co. v. Railway Co.,* 102 Kan. 799, 172 Pac. 527, where it was held that on a claim, the amount of which is disputed, the acceptance of an amount less than that claimed, in full satisfaction thereof, discharges the obligation. There was no dispute about the amount of money named in the letter of instructions to the defendant. The defendant could not deliver the deed for less than the amount named,

22—107 Kan.

and remit that amount to the plaintiffs and say that a dispute existed concerning the amount that the plaintiffs were to receive for the land. The situation in the present action is more like that described in *St. L. Ft. S. & W. Rld. Co. v. Davis,* 35 Kan. 464, 11 Pac. 421, where it was held that:

"The payment of a portion of an ascertained, overdue, and undisputed debt, although accepted in full satisfaction, and a receipt in full is given, is not a satisfaction of the balance; and will not, where there is no new consideration, estop the creditor from recovering the remainder of such debt." (Syl. ¶ 1.)

And it was also held that:

"Before the acceptance by the creditor of an amount less than is claimed will operate as a settlement or satisfaction of the entire debt, it must have been accepted on an express agreement to that effect." (Syl. ¶ 2.)

Even if there were a misunderstanding between the plaintiffs and Moore concerning the amount that the plaintiffs were to receive under the contract, the defendant could not deliver the deed to Moore and escape the consequences of violating the instructions.

The plaintiffs contend that the evidence showed that the bank received the full amount of $4,256.25, but the court has considered the matter as though the bank received only the amount remitted in the draft.

If this action were by the plaintiffs against Moore for the recovery of the balance of the purchase price, the evidence that was introduced would not necessarily establish that the plaintiffs accepted the draft, or the money thereon, in satisfaction of the full amount of the purchase price claimed by them.

Other questions are argued by the defendant, and they have been examined, but the court does not find anything in them to warrant a reversal of the judgment.

The judgment is affirmed.