No. 27,284.

R. C. Bock, *Appellee,* v. First National Bank of Horton, *Appellant.*

### SYLLABUS BY THE COURT.

1. Banks and Banking—*Collection or Handling Paper—Liability for Failure to Follow Instructions.* A judgment can be rendered against a national bank for failure to comply with instructions where the bank through its officers undertakes to act as the agent of a person who transmits to it a bill of sale of personal property, with instructions concerning its delivery to the person to whom the property is sold.

2. Limitations of Actions—*Oral Contracts Expressed or Implied.* The three-year statute of limitations applies under the circumstances described in the first paragraph of this syllabus.

3. Witnesses—*Competency—Testimony of Wife as to Letter Written by Husband.* After the proper foundation has been laid for the introduction of secondary evidence, the wife of the plaintiff in such an action as is described in the first paragraph of this syllabus may testify concerning the contents of the letter of instructions transmitted to the bank with the bill of sale.

Appeal from Brown district court; C. W. Ryan, judge. Opinion filed April 9, 1927. Affirmed.

*W. F. Means,* of Hiawatha, for the appellant.

*C. A. Walsh, Jr.,* of Beloit, and *W. E. Archer,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The action is one to recover damages caused by the failure of the defendant to follow instructions given by the plaintiff to the defendant concerning the delivery of a bill of sale of a cleaning and pressing establishment. Judgment was rendered in favor of the plaintiff on the verdict of a jury, and the defendant appeals.

The facts on which the plaintiff claims the defendant is liable are substantially as follows: The plaintiff owned a cleaning and pressing establishment in Horton, which he sold to C. C. Marshall for $800, one-half of which was to be paid in cash and the other one-half in deferred payments. Marshall desired to obtain money from the bank with which to make the payment in cash, and desired to give the bank a first lien on the property as security for the money

Banks and Banking, 7 C. J. pp. 597 n. 25, 613 n. 39, 620 n. 5, 808 n. 28; 3 R. C. L. 612. Limitations of Actions, 37 C. J. p. 764 n. 26. Witnesses, 40 Cyc. pp. 2211 n. 25, 2212 n. 26, 2354 n. 5, 6.

so borrowed. The plaintiff desired a chattel mortgage second to the lien of the bank to secure the payment of the remaining $400. He sent to the bank a bill of sale of the property to C. C. Marshall with instructions to deliver the bill of sale to Marshall when he, to secure the $400 deferred payment, had executed to the plaintiff a chattel mortgage on the property sold. The bank delivered the bill of sale to Marshall without taking a chattel mortgage to secure the payment of the $400, which indebtedness was to be evidenced by a note for that amount.

1. Complaint is made of the following instruction:

"The jury is instructed as a matter of law, that the defendant bank, through its officers, could act as agent for the plaintiff Bock in the transaction of the business in question between the plaintiff and one C. C. Marshall."

The defendant contends that the service which it undertook to render for the plaintiff was *ultra vires*, and for that reason the plaintiff cannot recover.

In 7 C. J. 597 it is said:

"It is an incident of the business of banking to collect checks and other commercial paper; but when a bank is insolvent, it has no such authority and commits a fraud in undertaking the business."

The same work, on page 613, says:

"It frequently happens that paper is sent to a bank for collection in connection with other transactions as for instance where goods or other papers are to be delivered only on payment of the paper sent for collection, and in such case the bank must follow its instructions."

On pages 619-620 that work uses the following language:

"A collecting bank is liable . . . for not heeding instructions." (See, also, *Sweet v. Savings Bank,* 73 Kan. 47, 84 Pac. 542.)

We quote again from 7 C. J. 808, as follows:

"A national bank cannot act as an agent or broker for others in dealing in stocks, bonds, mortgages or other securities, and especially in guaranteeing them; nor can it act as a broker in lending the money of others. Nevertheless, where a bank has lawfully received money or property, it must account for the same or its proceeds, notwithstanding an *ultra vires* agreement in this respect."

This contention of the defendant is further effectively answered by *Bank v. Bank,* 106 Kan. 303, 187 Pac. 697, where this court said:

"National banks are liable for the negligent loss of property held by them, merely for the accommodation of their customers, without any consideration for the keeping of it, except the profit derived from their customers doing with them their banking business.

"A national bank held a deed to real estate in the nature of a mortgage

securing an indebtedness due from the mortgagor and subject to two other mortgages. The land was worth more than all the liens and incumbrances. The first mortgage became due before the others, and the parties arranged to have all the mortgages and liens renewed in the order in which they then stood. By agreement of the parties the bank holding the third mortgage prepared the papers and sent them to the defendant, a national bank, at the place where the land was situated, and where the mortgagor lived, with directions to have the papers executed and then recorded so as to preserve the liens as they then stood, offering to pay defendant the 'recording expenses, etc.,' when advised of the amount. The letter with which the papers were sent inclosed a draft with instructions to deliver to one of the parties upon his delivery of a proper release of the first mortgage. In violation of the positive instructions, the defendant bank filed the quitclaim deed from the plaintiff to the mortgagor which released plaintiff's lien, the release of the first and second mortgages and the renewals of those mortgages, but failed to file the deed from the mortgagor renewing plaintiff's lien until after the mortgagor had sold and conveyed the land to an innocent purchaser. After disposing of the land the mortgagor became insolvent. The petition alleged the foregoing facts, and further that the defendant bank and the mortgagor conspired together to defeat plaintiff's lien, and damages were asked against the bank for the loss occasioned by its negligence and fraud. It is *held*,

"(*a*) that the transaction was within the powers of the defendant bank, incidental to its ordinary business;

"(*b*) that whether the transaction was within the powers conferred upon the defendant by the national banking act, the defendant became a bailee, and liable for any loss occasioned by its failure to exercise due care and diligence;

"(*c*) that an action may be maintained against a national bank for damages resulting from its malicious or negligent torts, and that in such a case the doctrine of *ultra vires* has no application. (*National Bank v. Graham,* 100 U. S. 699, syl. ¶¶ 3, 4.)"

2. The defendant argues that the plaintiff's action was barred by the two-year statute of limitations. The third subdivision of R. S. 60-306 provides that the following actions must be commenced within two years:

"An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The present action does not come within any of the provisions set out in the third subdivision of section 60-306 of the Revised Statutes.

The second subdivision of that statute provides that the following actions may be commenced within three years:

Bock v. First Nat'l Bank.

"An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

If the defendant is liable to the plaintiff, it is liable because it entered into an implied contract by which it undertook to comply with the instructions of the plaintiff concerning the delivery of the bill of sale to C. C. Marshall. This action comes within the second subdivision of section 60-306 of the Revised Statutes. The bill of sale was sent to the defendant in November, 1922. The action was commenced March 25, 1925, less than three years after the transaction with the bank had commenced. The action was not barred by the statute of limitations.

3. The defendant contends that "the court admitted incompetent evidence." That contention is based on the admission of the testimony of the plaintiff's wife, who testified concerning the contents of the letter of instructions written by her husband to the defendant bank concerning the bill of sale. To properly understand this question it is necessary to set out some of the other evidence. The plaintiff testified:

"Q. What next did you do? A. I wrote a letter to the bank.

"Q. Which bank? A. The First National Bank of Horton, Kansas, and told them——

"MR. MEANS: We object to that.

"Q. Do you know what has become of that letter? A. I sent it to the bank.

"Did you keep a copy of it? A. No, sir.

"Q. Now, Mr. Bock, state as near as you can what that letter to the bank contained. A. It contained a bill of sale; it contained my instructions to the bank as to how I wanted that matter handled."

The action was tried in February, 1926. In June, 1925, the plaintiff made written demand of the defendant that it furnish to the plaintiff "a copy of the letter sent by R. C. Bock to the First National Bank of Horton, Kan., sometime during the month of October or November, 1922, in which was inclosed a bill of sale, and which contained certain instructions to a said bank."

The testimony of the plaintiff's wife did not come within the prohibitions of section 60-2805 of the Revised Statutes because her testimony did not concern any communication made by the plaintiff to his wife. Her testimony concerned the contents of a letter. A proper foundation had been laid for the introduction of that evidence.

The judgment is affirmed.