No. 32,144

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Appellee,* v. LEILA M. COOK et al., *Appellants.*

(42 P. 2d 568)

678

Opinion filed April 6, 1935.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson, Ralph W. Oman, Oscar Raines, Ivah Raines Glenn* and *Ralph F. Glenn,* all of Topeka, for the appellants.

*Lester M. Goodell,* county attorney, *Edwin A. Austin* and *John M. Williams,* both of Topeka, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal raises the question of the sufficiency of an amended petition in an action to foreclose a mortgage.

It appears from the amended petition, hereafter referred to as the petition, that defendants Frederick A. Cook and wife and George S. Jewell and wife mortgaged certain real estate to the International Mortgage Trust Company to secure their note for $26,000, dated May 1, 1931, the mortgage being duly recorded; and that thereafter the trust company "pledged, assigned, transferred and delivered" to the county treasurer of Shawnee county a five-thirteenths interest in the note and mortgage, and to evidence the same executed and delivered to the plaintiff two participating mortgage bonds, sometimes referred to as certificates, numbered 538 and 541, for $5,000 each, copies being attached to the petition; that the remaining eight-thirteenths of the note and mortgage was owned by other defendants, the extent of their interests being set out. It is further alleged that interest-paying dates were the first days of May and November of each year, and that the mortgagors failed to pay the interest as it fell due; that taxes are due and unpaid; that the terms of the note and mortgage have been breached, and the whole sum of $26,000 is due and the mortgage subject to foreclosure, and there is due plaintiff $10,000 with interest from November 1, 1932; that defendants Edward S. Jewell, May H. Stone, Joe Longshore, assistant receiver, Charles W. Johnson, general receiver of the International Mortgage Trust Company and its unknown successors, trustees and assigns, J. A. Eddy and J. Glenn Davis, county treasurer of Shawnee county, claim some right in the note, mortgage and real estate, which is inferior to plaintiff's rights, and that the defendants Perry, Blair, Gilchrist, the Allison estate, Heywood, Schone, Snyder, Davis, Hall and Robert Stone claim to own an eight-thirteenths interest in the

note and mortgage, and their respective interests should be foreclosed and the share of each decreed. The prayer is for a judgment against the mortgagors for $10,000 and for foreclosure and sale of the property and the application of proceeds to the judgment, for a decree barring defendants alleged to have inferior interest, and that the other defendants be required to set up their interests and shares evidenced by their certificates of participation (bonds) issued to them by the trust company, and that the same be foreclosed and their respective interests in the real estate and proceeds of sale thereof be decreed to them. To this petition defendants Blair, Gilchrist, the Allison estate, Heywood, Schone, Snyder, Davis, Hall, Leila M. Cook, Frederick A. Cook, May H. Stone, Robert Stone and Perry, and Robert Stone, trustee, filed demurrers upon three grounds, namely, plaintiff has no legal capacity to sue, misjoinder of causes of action, and that the petition did not state facts sufficient to constitute a cause of action. The trial court overruled the demurrers, and the demurrants appeal.

With respect to the petition, we observe there is no allegation, except inferentially, of the date of default by the mortgagors, or that any default had been declared; that although it is alleged that Johnson is general receiver of the International Mortgage Trust Company and that Joe Longshore is assistant receiver thereof, there is no allegation of insolvency or other legal cause for the appointment of a receiver, neither is there any allegation as to whether plaintiff acquired his participating mortgage bonds before or after appointment of the receiver. Neither is there any allegation that the trust company had refused to bring any action on behalf of the holders of the participation mortgage bonds or, assuming that such refusal had been had, that the other holders had refused to join as plaintiffs.

With respect to the mortgage, it may be said to be of standard form direct to the trust company and containing no provisions for the issuance of debentures or participating certificates or mortgage bonds or of any·trust relationships of any kind whatever.

The two so-called participation mortgage bonds belonging to plaintiff are alike as to form. They certify that the trust company holds in trust the above-mentioned mortgage, fully describing it; that the principal and interest is payable at the office of the com pany which has issued this certificate evidencing an undivided *pro rata* interest in and to the mortgage and debt secured thereby in the

owner of the certificate as shown on the company's books, the certificate being controlled by the terms of the mortgage held in trust. Each is issued to the company or its order and each evidences a $5,000 interest in the principal of the mortgage and in the interest as evidenced by twenty attached interest coupons, each coupon representing a *pro rata* interest in "the original interest of the maturity date, said interest to be paid in accordance with the terms of said mortgage." The final paragraph reads:

"The International Mortgage Trust Company is trustee and custodian of the mortgage securing this certificate. All payments of principal are to be indorsed hereon when paid by the mortgagors and upon presentation of this certificate at the office of the International Mortgage Trust Company and interest paid when same has been collected from the mortgagors and upon presentation of interest coupons."

The participation mortgage bonds are executed thus:

"THE INTERNATIONAL MORTGAGE TRUST COMPANY, Trustee,
(Corporate seal.)                              By M. L. PERRY, President."

Attached to each bond are twenty interest coupons, each stating that on the date named the bearer is entitled to payment at the office of the trust company of a stated amount "providing the interest on the original mortgage has been collected." The coupon refers to the trust company as trustee holding the mortgage.

The mortgage bonds were delivered to the plaintiff with this indorsement:

"Pay to the order of Co. Treasurer, Shawnee Co.
THE INTERNATIONAL MORTGAGE TRUST Co.
By I. E. HENRY."

At no place in the certificate is there any use of the words "assign," "assignment," "transfer" or others of like import with respect to the note and mortgage.

Did the petition state a cause of action? Before discussing that matter, it is necessary to note a contention that after the demurrers were argued, the petition was further amended. As drawn, the petition alleged that certain named defendants owned an undivided eight-thirteenths interest in the mortgage, their names and amounts of interest being set forth. A calculation would show either some holders of mortgage participation bonds were omitted or the amounts attributed to named defendants were wrong. This seems to have been the state of the petition when the demurrer was argued. It appears the petition was sometime thereafter amended to correct amounts owned by named defendants and to allege that Sarah L.

Doubt, who was not a defendant and against whom no process had been asked or had, and who had not voluntarily appeared, owned a $400 interest. Plaintiff justifies the amendment under R. S. 60-756 which permits amendment without leave at any time before answer is filed. It provides, however, that notice of such amendment shall be served upon the defendant, and it is not claimed any such notice was given. Counsel should avoid such a situation. It is neither fair to the trial court nor to this court to let such a condition arise.

We shall first notice whether or not plaintiff and the defendants holding participation mortgage bonds are assignees of the original note and mortgage. It has been noted that the bonds do not contain any words of assignment or transfer or of like import. Appellee directs our attention to authorities holding that assignments may be oral, that they need not be in any certain form, etc., but they are hardly applicable here. R. S. 67-304 provides for recording assignments, R. S. 67-318 provides that an assignment by a corporation shall be valid when executed by certain named officers and attested by the corporate seal, and R. S. 67-319 provides assignments shall be acknowledged in the manner therein set out. Except as the original bond was executed by the corporation, there was no compliance with any one of the above statutory provisions, and the title of the plaintiff to the bonds on which it bases its cause of action rests only on a blank indorsement. It is true an assignment might be good between the parties without complying with the above statutes, and that our statutes do not define an assignment of a mortgage, but the failure to comply, and the failure to use any words appropriate to an assignment must be considered. As against the rights of third persons, the assignments would have to be made and recorded in compliance with the statute. Assuming plaintiff owned the entire interest in the mortgage, how would it release it of record if the mortgagors elected to pay in full? Without pursuing this matter further, we hold that the participation mortgage bonds were not assignments of the original note and mortgage, but simply evidenced an undivided *pro rata* interest in the proceeds of the principal and interest collected by the trust company as trustee, which will be discussed.

In *Trees v. Johnson*, 130 Kan. 681, 288 Pac. 587, a bank had taken a mortgage to secure a series of twelve notes, in which the names of the payees were left blank. Later, as the notes were sold, the purchaser's name was inserted as payee. The bank continued to hold

the mortgage and paid to the holders the interest paid by the mortgagors. Later, through fraudulent dealings, officers of the bank became owners of the real estate, procured from the bank a release of the mortgage and conveyed the previously mortgaged real estate to innocent purchasers. Holders of the notes sued the bank, and it was held:

"The bank had authority to take mortgages on real estate (R. S. 9-101) and to deal in notes. The indebtedness was substantial in amount. The bank took a series of notes secured by the one mortgage. It sold these notes to various purchasers, retaining the mortgage as security for all of them, and thus became a trustee for the holders of the notes. As such trustee it was bound to the utmost good faith (*Morrow v. Comm'rs of Saline Co.*, 21 Kan. 484) to keep the mortgaged security intact, and is liable in damages for its failure to do so. (7 C. J. 597; *Bank v. Bank,* 106 Kan. 303, 187 Pac. 697; *Stone v. Bank,* 107 Kan. 332, 190 Pac. 1094; *Fulton v. Farmers Nat'l Bank,* 122 Kan. 400, 252 Pac. 242, 123 Kan. 1, 253 Pac. 561; *Bock v. First Nat'l Bank,* 123 Kan. 304, 255 Pac. 68.)" (p. 684.)

And so here, the trust company, while not using very definite and complete language to that effect, executed to the purchasers thereof bonds which showed that the company was holding the mortgage for their benefit and was to collect the principal according to the terms of the bond and interest according to the terms of the bonds and the attached coupons, and pay the bondholders when the same has been collected from the mortgagors. We hold that the trust company was trustee for the holders of the participation bonds.

Appellee argues, however, that the company could not be trustee for itself. It was not; it was trustee for the holders of the bonds, and it is not decisive that for a time it owned two of them. There was no merger of the interests of the trustee of the beneficiaries in the county, and it could so act. (26 R. C. L. 1272; 65 C. J. 277, 572.)

Prior to the last amendment of the petition, it might have been argued that the allegation that, without regard to the erroneous amounts attributed to each, certain named defendants owned the eight-thirteenths of the participation mortgage bonds, in connection with the allegation of plaintiff's ownership of five-thirteenths, showed all owners were parties to the action and in court. But the last amendment, which the trial court had no opportunity to consider, showed that was not true. The state of facts as to the original mortgage and the issuance of the participation mortgage bonds, as disclosed by the petition, shows that it was incumbent on the trustee, or its successor in trust, to declare the debt due and to

institute foreclosure proceedings for the benefit of the holders of such bonds. Before a holder of one of such bonds could maintain an action in foreclosure, it was incumbent that he allege a proper demand was made upon the trustee to proceed and a refusal or failure by it to act. In such action all parties united in interest must be joined as plaintiffs or defendants, but if the consent of those who should have been joined as plaintiffs cannot be obtained, they may be made defendants, the reason therefor being stated in the petition. (R. S. 60-412; *Thiessen v. Weber,* 128 Kan. 556, 560, 278 Pac. 770; *Price v. Carmean,* 136 Kan. 744, 748, 18 P. 2d 197.)

We are of the opinion that the petition did not state facts sufficient to constitute a cause of action. It is not necessary that we discuss the other grounds of the demurrer nor refer more specifically to the many citations of authority bearing upon the entire matter.

The judgment of the trial court is reversed, and the cause remanded with instructions to sustain the demurrer, for the reason the petition does not state facts sufficient to constitute a cause of action.