No. 32,855

J. W. SOUTHERN, *Appellant,* v. THE CHASE STATE BANK, *Appellee.*

(61 P. 2d 1340)

Opinion filed November 7, 1936.

*Walter F. Jones, C. E. Chalfant, Charles S. Fulton, W. A. Huxman* and *J. Clair Stevens,* all of Hutchinson, for the appellant.

*K. M. Geddes,* of El Dorado, and *Ben Jones,* of Lyons, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This action was one by a purchaser of a quarter section of land in Rice county for $11,700 against a bank, which was an escrow holder of the papers under the contract between the purchaser and the vendor, to recover damages for the failure and refusal of the escrow-holder bank to accept the offer of the pur-

chaser of his final payment with interest under the contract made more than four years and five months after such payment by the terms of the contract was due and payable and the refusal of the bank to deliver to the purchaser the deed held by it in escrow.

The contract of sale was made and signed by the vendor and vendee and not by the bank, but it prescribed the duties of the escrow holder. The last two paragraphs of the contract are as follows:

"W. B. Linville and Marie Linville, his wife, in consideration of the above-mentioned acts on the part of J. W. Southern, have this day executed a general warranty deed to said J. W. Southern, said deed to be delivered upon the payment of the two notes above described and referred to.

"It is mutually agreed by both parties hereto that said two promissory notes and the said deed above mentioned shall be deposited in escrow with The Farmers State Bank of Chase, Kansas, and the parties hereto do hereby authorize said bank to deliver said deed to J. W. Southern upon full payment of said notes."

A prior section of the contract provides for the payment of the purchase price by assuming two mortgages amounting to $7,500 and "two thousand dollars cash in hand, receipt whereof is hereby acknowledged by W. B. Linville, one thousand dollars on or before September 1, 1928, and twelve hundred dollars on or before August 1, 1929, said above-mentioned sums of money to be paid in the manner and on the terms expressed in two certain promissory notes of even date herewith."

It is alleged in the petition that the $1,000 note was promptly paid when due and that a tender was made to the defendant bank on January 9, 1934, of the full amount of the $1,200 note, with interest, at which time the plaintiff demanded of the escrow bank the delivery of the deed held for him and the return of the $1,200 note, but the defendant bank refused to accept the money and deliver the deed and note. The petition further alleged that the plaintiff on January 11, 1934, brought an action in the district court of Rice county for specific performance against the owner of the land, and made the bank a party to the suit, and that upon appeal to this court judgment was rendered in favor of the plaintiff June 11, 1934, directing the bank to accept the payment of $1,200, with interest, and deliver the deed and note to the purchaser, which order was complied with July 16, 1934. It was further alleged in the petition that the market value of the land involved was $20,000 on January 9, 1934, when the offer was made and rejected, and that it was only

worth about $9,600 on July 16, 1934, and by reason of such depreciation the plaintiff was damaged in the sum of $10,400.

This action for damages was commenced by the purchaser October 24, 1934, based upon the failure and refusal of the defendant escrow holder to comply with the terms of the written contract between the vendor and vendee which made the bank an escrow holder. The answer consists of a general denial and several special denials. The trial of the case was commenced January 6, 1935, and after plaintiff had introduced his testimony, which consisted mainly of the details of the offer by the plaintiff and the denial by the defendant and also the files in the equitable case for specific performance and the market value of the land the two times above mentioned, the defendant demurred to the evidence of the plaintiff as not being sufficient to support the allegations of the petition, and the demurrer was by the trial court sustained, from which ruling the plaintiff appealed to this court.

The plaintiff insists that his offer to pay the $1,200 note, with interest, on January 9, 1934, was a full compliance with the terms of the contract. If it was a full compliance, it of course was the duty of the escrow holder to accept the money and deliver the deed. The language in the last two paragraphs of the contract are urged as controlling regardless of the delay in making the offer. Was it the duty of the escrow bank to deliver the deed "upon the payment of the two notes above described and referred to," as stated in one paragraph or "upon full payment of the notes," as stated in another paragraph of the contract? It is argued that these provisions are conclusive in themselves without regard to the terms of the notes to which the first quotation above refers concerning the sums of money "to be paid in the manner and on the terms expressed in two certain promissory notes." The general rule is that in construing a contract it should all be read together. Can it reasonably be said that it was the intention of parties to this contract that the time of payment of the two notes was not an element or part of this contract? Or did the last two statements in the contract entirely repudiate and cancel the earlier one as to time of payment? No good reason has been given why all three such expressions could not have effect.

In 21 C. J. 882 it is said:

"If no time is stipulated for performance, the condition must be performed in a reasonable time, and no default can attach until after a demand and

failure or refusal to perform. If the time is set and is of the essence of the agreement, the grantee or obligee loses all rights to the instruments deposited as escrows where he fails to perform conditions within the agreed period. This is not true, however, where time is not an element of the contract and the condition is afterward performed. . . ."

It is urged that there is no provision for forfeiture contained in the contract, but that has never been held to make the time for performance limitless.

Appellants frequently and strongly urge the decision in the specific performance case above mentioned, being *Southern v. Linville,* 139 Kan. 850, 33 P. 2d 123, wherein the escrow bank was directed to deliver the deed to plaintiff as controlling in this case. In that case it was said:

"It is the opinion of the court that in view of the circumstances and the contract and the conduct of the parties, it is equitable and just that Southern be allowed to perform and obtain his deed." (p. 856.)

Among the circumstances and conduct of the parties taken into consideration and discussed in the opinion of that equitable case were the homestead rights of the wife of the purchaser who had not taken part in any of the subsequent communications between the purchaser and the vendor, and the failure of the vendor to yield up the note upon the offered abandonment of the deal by the purchaser. None of these circumstances nor the conduct of the vendor are involved in this action, except plaintiff's evidence shows that on January 10, 1934, the vendor, Mr. Linville, objected to the receipt of the money and the delivery of the deed by the bank. We are limited in this action at law to the requirements of the contract itself. Can it be said from an examination of the contract, and aside from any and all the outside circumstances mentioned in the opinion in the former case, that the parties to the contract reasonably meant, when making it, that there was no limit to the time of performance by the purchaser and that such was the reasonable construction of the contract?

There is no question of the liability of an escrow holder if he violates the requirements of the contract. Several cases are cited by appellant where one of the parties undertook to cancel the terms of the escrow contract and the escrow holder complied with such cancellation or change, and was properly held liable. The case of *Stone v. Bank,* 107 Kan. 332, 190 Pac. 1094, is cited where the escrow holder accepted an amount less than that named in the contract and, of course, the escrow bank was held liable.

Appellant also cites *Citizens Bank v. Davisson*, 229 U. S. 212, 33 S. Ct. 625, but that was where the escrow holder bank officers did not read the agreement but wrote on the envelope what they thought was the agreement and went by it, and of course they should be governed by the agreement itself.

It is not the province of the escrow holder to interpret or construe a contract where he has a duty to perform. He must be guided in his duty by what the contract says. Neither is he authorized to ignore one part of the contract because another part of it omits such features as time and date. The evidence introduced did not show any agreement of change or modification of the contract which could have been made by the vendor and purchaser. On the contrary, it shows an absolute disagreement between the vendor and purchaser on January 10, 1934.

In an action at law, as this is, involving no equities, as did the former case, and where the time of performance is mentioned in two different ways, definite in one place and indefinite in the other, would four years and five months after the definitely mentioned time come within the rule of a reasonable time for performance? There is an absolute consistency in the indefinite language as to the delivery of the deed "upon the payment of the two notes" or "upon full payment of said notes," in that for some good cause the plaintiff reserved in the contract the right of paying both notes before their due dates "on or before September 1, 1928," and "on or before August 1, 1929."

It is said in 10 R. C. L. 636:

"Where an instrument is placed in escrow with no specified time within which the condition shall be performed, this does not constitute any uncertainty, since by implication the performance must be within a reasonable time. Where time is of the essence of the contract, the escrow holder has no authority to receive payment after the stipulated time has expired, without the consent of both parties; but it has been held that time will not be held to be of the essence of the contract unless it clearly appears that such was the intention of the parties."

In 13 C. J. 582 it was said:

" . . . stipulations as to time must be construed in accordance with the intent of the parties as shown by the fair import of the language employed, which in case of ambiguity is to be considered in connection with the subject matter of the contract and attendant circumstances, together with the practical construction, if any, adopted by the parties. Where separate stipulations are apparently conflicting, the court will so construe them as to harmonize them if possible."

In *Woodman v. Millikan*, 126 Kan. 640, 270 Pac. 584, it was held:

"Where time of performance is not fixed or is indefinite in a promise to pay the debt of another the usual rules of construction are employed to ascertain the intention of the parties and what would be a resonable time under all the existing facts and circumstances, rather than hold the promise void for uncertainty." (Syl. ¶ 1.)

In *Utilities Co. v. Bowersock*, 109 Kan. 718, 202 Pac. 92, it was said concerning a contract which was to continue for twenty-one years "unless sooner terminated as provided herein" that —

"In this case it is held that there is no room for the application of the rule that a subsequent clause of a contract must be disregarded because of repugnancy to prior provisions, for the reason that it is found that there is no repugnancy between the prior and subsequent provisions of the contract." (Syl. ¶ 3.)

Attention is called to three matters contained in the comment of the trial court at the time of sustaining the demurrer. The first, that the defendant bank was not a party to the escrow agreement undoubtedly referred to the bank not having signed the contract, but it of course became involved the same as a party thereto when it accepted the papers and assumed the escrow duties. The remark as to fraud was not pertinent and could not have been involved under the pleadings nor evidence and therefore would not be a reason for the ruling. There was evidence on the other comment about the vendor being present at the bank and objecting to the taking of the offered money. The effect of this would be to show there was no subsequent agreement to modify or change the terms of the contract. The defendant bank was the representative of both parties and the expression and attitude of each was entitled to consideration, but an erroneous position of either as to the duties devolving upon the escrow bank would not relieve it from liability if followed.

It is very natural to think of this damage suit along the lines and the results in the equity case that preceded it, but they are entirely different, and we are satisfied that the defendant did not breach the terms of the contract at the late date of which complaint is made, and that the demurrer to the evidence was properly sustained.

The judgment is affirmed.