FRANCIS C. FAULKNER, ASSIGNEE, V. CYRUS P. GILBERT.

FILED JANUARY 19, 1899. No. 8597.

1. **Contract: CONSIDERATION.** The consideration of a contract need not move to the promisor. A disadvantage to the promisee is sufficient, although the promisor derives no benefit therefrom.

2. **Guaranty: CONSIDERATION.** The extension of time to a principal debtor is a sufficient consideration to support a guaranty by a stranger of the payment of the new obligation.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Reversed.*

*S. L. Geisthardt,* for plaintiff in error.

*A. N. Sullivan, contra.*

IRVINE, C.

This was an action by Faulkner, as assignee of the Connecticut River Savings Bank, against Gilbert, on a contract whereby it was alleged that Gilbert had guarantied the payment of a promissory note made by one Parkins and his wife to Benjamin A. Gibson, and which had become the property of the Connecticut River Bank. Of the several matters pleaded in defense the only one submitted to the jury was want of consideration for the contract of guaranty. There was a verdict and a judgment for defendant.

The theory of the plaintiff was that Parkins and Gilbert were indebted to Gibson on a note or notes past due; that Parkins and wife executed their note due in five years and a mortgage to secure the same, and that Gilbert guarantied the note in consideration of Gibson's accepting it, extending the debt and releasing the old notes. The theory of the defendant was that Gibson had agreed that if Gilbert would induce Parkins and wife to make the new note and the mortgage securing it, Gibson would release Gilbert from further liability; that

Gilbert had done as required, and that, after Gibson had accepted the new note and mortgage, Gilbert was induced, without further consideration, to sign the contract of guaranty.

The court instructed the jury that if it should find that a consideration passed between Gilbert and the payee of the note, it should find for the plaintiff. Further, "that if the guaranty was executed for the purpose of extending an indebtedness due from defendant to plaintiff," the consideration would be sufficient. Again, that "before the plaintiff can recover in this case you must find from the evidence that the defendant received a consideration for his guaranty." These instructions were erroneous as applied to the facts of the case, because each required, in order that a consideration should be found to exist, that such consideration should move to the defendant. That is not necessary. A disadvantage to the promisee constitutes a consideration, although no advantage accrue to the promisor. The extension of a debt to the principal debtor is a sufficient consideration to support a contract of suretyship as to the new debt. (*Smith v. Spaulding*, 40 Neb. 339.) Under the pleadings and the evidence in this case the jury might have found that there had been an agreement to release Gilbert from the old debt if he would procure the execution of the new note and the mortgage, and that he nevertheless guarantied the payment of the new note concurrently with its delivery and to procure its acceptance. If so, there was a consideration; but the instructions given told the jury that there would not be, because it did not move to Gilbert.

It is not deemed proper at this time to comment upon the sufficiency of the evidence, or necessary to consider other questions argued.

REVERSED AND REMANDED.