## RIDDLE et al. v. HUDSON.

No. 5891—Opinion Filed Sept. 11, 1917.

Rehearing Denied May 21, 1918.

(172 Pac. 921.)

(Syllabus.)

Contracts — Covenants — "Sufficient Consideration" — Promise — Benefit of Third Person — Covenant of Seisin — Breach—Right of Action.

Where, under the laws in force in the Indian Territory, prior to statehood, R. and O. have undertaken to convey to B. and W. certain lands, including a tract to which R. holds a deed, falsely purporting to have conveyed the title to him, for himself and in trust for O. as his partner therein, but, before such conveyance is attempted to B. and W., they, for a valuable consideration received by them from H., procure R. and wife, who have no right nor title to said tract because their grantors had none; to execute a deed purporting to convey said tract to H., with a covenant therein that R. and his wife

are "lawfully seized in their own right of an absolute and indefeasible estate of inheritance, in fee simple, of and in all and singular the above granted and described premises, with the appurtenances," such covenant is breached, and such breach gives H. a cause and right of action against R. and his wife for the value of the consideration given by H. to B. and W., as her damages for the same, together with lawful interest thereon, at and from the time of the delivery of such deed to H., although H., having never gone into possession of said tract, has not been evicted therefrom.

(a) Under the laws in force in the Indian Territory prior to statehood, as in this state, a covenant of seisin in a purported deed of conveyance of lands to which the grantors have no right or title is breached at the time of the execution and delivery of such deed, and gives a cause and right of action at and from such time, notwithstanding the grantee has never been evicted from such land.

(b) Under the laws in force in the Indian Territory prior to statehood, as in this state, any detriment to a promise, suffered at the request of the promisor is a sufficient consideration to sustain such promise, even though the promisor receives no benefit therefrom.

(c) Where the detriment suffered by the promisee is a benefit to a third person, instead of to the promisor, it will be implied under the facts above stated, that such benefit was at the request of the promisee.

Error from District Court, Grady County; Frank M. Bailey, Judge.

Action by Mrs. S. C. Hudson against Finis E. Riddle and Letitia Riddle to recover the value of the consideration given for lands, together with interest on such value from the date of the passing of such consideration, based upon a breach of the latter's covenant of seisin of such lands. Judgment for plaintiff, and defendants bring error. Affirmed in part, and reversed in part.

Harry Hammerly, for plaintiffs in error.

Barefoot & Carmichael, for defendant in error.

THACKER, J. The plaintiffs in error will be designated as defendants, and the defendant in error as plaintiff, in accord with their respective titles in the trial court.

On July 9, 1904, the defendant Finis E. Riddle and one E. G. Owen had, for a valuable consideration, undertaken to convey to Bohart & Wells certain lands, including the following tract situated in Grady county, Okla., to which said Finis E. Riddle then

held, in part for himself and in part in trust for his associate, E. G. Owen, a purported title by virtue of a purported conveyance of the N. E. ¼ of the S. W. ¼ of section 7, township 6 N., range 7 W. I. M., containing 40 acres, allotted without authority of law in the name of a dead Indian through whom Riddle's grantors claimed to have inherited. On that date Bohart & Wells, in consideration of a music box and some jewelry, of the value of $700, then purchased by them of the plaintiff, had undertaken to convey said 40 acres to her. On that date the defendants, at the instance and request of said Bohart & Wells, and in satisfaction of the undertaking of Finis E. Riddle and E. G. Owen to convey said 40 acres to Bohart & Wells, and also in satisfaction of the undertaking of the latter to convey to the plaintiff, executed and delivered their general warranty deed, purporting to convey to her said 40 acres of land, containing the following covenant of seisin and warranty.

"And said Finis E. Riddle, and Letitia Riddle, for their heirs, executors and administrators, do hereby covenant, promise and agree to and with said party of the second part, that at the delivery of these presents being lawfully seized in their own right of an absolute and indefeasible estate of inheritance, in fee simple, of and in all and singular the above granted and described premises, with the appurtenances; that the same are free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature and kind soever; and that they will warrant and forever defend the same unto said party of the second part, her heirs and assigns, against said parties of the first part, their heirs and all and every person or persons whomsoever, lawfully claiming or to claim the same."

The dead Indian allottee, having died before September 25, 1902, was not entitled to the allotment of this land, and his name was afterwards stricken from the rolls of the Five Civilized Tribes; and the defendants, being not "seised in their own right of an absolute and indefeasible state of inheritance in fee simple, of and in all and singular the above granted and described premises, with the appurtenances," nor of any estate whatever in these lands, their deed of July 9, 1904, conveyed to the plaintiff no estate whatever in the same. The plaintiff did not enter into the possession of and was not actually evicted from this land or any part of the same; but, alleging the pertinent facts hereinbefore shown, she brought this action to recover $700 as the value of the aforesaid consideration for the same,

together with interest thereon from that date until paid, under the laws of Arkansas, then in force in the Indian Territory. The court gave her judgment for $725, which was $25 more than she claimed or was entitled to recover, together with interest thereon at the rate of 6 per cent. per annum from July 9, 1904, until paid, and the defendants bring the case here for review.

Their contention as well as our answer to the same will be understood from the following statement of our view of the applicable law: Under the laws in force in the Indian Territory prior to statehood, as in this state, upon the question involved in this case (Faller v. Davis, 30 Okla. 56, 118 Pac. 382, Ann. Cas. 1913B, 1181, and notes 1185), such a covenant of seisin is a covenant in præsenti, and is broken, if at all, as soon as made if the covenantor is not legally seised of the property (Logan v. Moulder, 1 Ark. 313, 33 Am. Dec. 338; Barnett v. Hughey, 54 Ark. 195, 15 S. W. 464; Carvill v. Jacks, 43 Ark. 439, 454; Brady v. Bank of C., 41 Okla. 473, 138 Pac. 1020, Ann. Cas. 1915B, 1019).

In Logan v. Moulder, supra, it was held:

"Where the plaintiff declares, therefore, on a covenant of seisin, or of good right full power and lawful authority to convey, it is unnecessary to allege an eviction; for the covenant is broken, if at all, at the very moment it is made."

In an editorial note in Ann. Cas. to Faller v. Davis, supra, it is said:

"In the great majority of American jurisdictions the covenants of seisin and of good right to convey are considered as covenants in praesenti, broken, if at all, as soon as made if the covenantor is not legally seised of the property sought to be conveyed."

Passing now to the next question in this case: Our section 833, Stats. 1890 (section 926, Rev. Laws 1910), and the decisions thereunder (Eastman Land & Investment Co. v. Long-Bell Lumber Co., 30 Okla. 555, 120 Pac. 276; Ball v. White, 50 Okla. 429, 150 Pac. 901), are not controlling, as this is an Indian Territory contract; but in Doherty v. Ark. & Okla. R. Co., 5 Ind. Ter. 537, 82 S. W. 899, it was, in substantial accord with our own decisions, held:

"Any benefit accrued to one making a promise or any loss, trouble, or disadvantage undergone by or charge imposed upon him to whom it is made is sufficient consideration to sustain a promise."

And this decision, in respect of the effect of a "disadvantage undergone" by the promisee, is in substantial accord with the gen-

eral law upon the question of the sufficiency of a consideration to support a promise in a contract. In 1 Mod. Am. Law, p. 428, it is said:

"Anson defines consideration to be 'something done, forborne or suffered, or promised to be done, forborne or suffered, by the promisee in respect to the promise.' * * * The modern conception of the principles of consideration declares that the real test of a sufficient consideration is whether or not there is a detriment to the promisee, and that the presence of a benefit to the promisor is unnecessary. Thus, in Devecmon v. Shaw, the plaintiff went on a pleasure trip to Europe when his uncle told him that he would pay his expenses. Later, the uncle refused to pay. The nephew was allowed to recover in an action for breach of contract on the ground that he did something he was not going to do, nor was bound to do, namely, to go to Europe. * * * In another case (Hamer v. Sidway), the uncle promised to give his nephew $5,000 on his twenty-first birthday, if he did not drink liquor, use tobacco, swear or gamble before he was twenty-one years of age. The nephew fulfilled the terms of the offer. In an action for breach of contract, this forbearance was held to be a consideration, for the nephew gave up what he had a right to do. In neither of the two cases cited was the uncle benefited, but in both did the plaintiff do or give up something he was not bound to do or give up. * * * To do something one is not bound to do, as to give a promise, to do an act, or to pay money, constitutes a sufficient consideration. A legal detriment, and not a benefit, is the necessary element of a consideration."

In 6 R. C. L. Contracts, § 67, pp. 655, 656, it is said:

"Occasionally it is stated expressly that a benefit to the promisor is a sufficient consideration for a promise. The fact is, however, that the cases in which there is a benefit to the promisor invariably involve a detriment to the promisee. But the converse of this proposition is not true. There are many cases in which there is a detriment to the promisee with no corresponding benefit to the promisor. Sometimes the benefit is derived solely by a third person. Hence the consideration to support a promise need not involve a benefit to the promisor.. It is sufficient when it consists in a detriment to the person to whom it is made. Apparently based on this principle is the familiar rule that the confidence induced by undertaking even a gratuitous service for another is a sufficient consideration to create a duty in the performance of such service. The vesting of title to property in another is, moreover, a sufficient consideration to support his agreement to hold the property in trust for and to convey the same to other persons."

In 1 Elliott on Contracts, § 203, it is said:

"It is quite generally stated that a consideration sufficient to support a contract may be either a benefit accruing to the promisor, or a loss or disadvantage sustained by the promisee. However, it will be found that in practically every case the element of benefit to the promisor was accompanied by a detriment to the promisee, while on the other hand, detriment to the promisee unaccompanied by any benefit to the promisor is sufficient consideration to sustain the contract."

In Id. § 250, it is said:

"As has already been stated, the common definition of consideration is: 'A benefit to the promisor, or to a third person at his request, or an injury, detriment, loss, change or inconvenience, or the actual risk thereof, to the promisee.'"

In Id. § 252, it is said:

"It need not pass directly to the latter, but, under the prevailing rule, may move from the promisee to a third person at the promisor's request."

And as shown by Id. § 252, such requests may be implied, and it seems clear that such request must be implied under the facts stated. It will thus be seen that if we should concede that, since the defendants receive no benefit moving from the plaintiff directly to them for executing their deed to her, to whom they were under no obligations to execute the same, and, as we do not, that there was, in this respect, no sufficient consideration for this covenant (Doherty v. Ark. & Okla. Ry. Co., supra), or, as we do not (Elliott on Contracts, § 2111, pp. 306, 307), that plaintiff could not predicate her demand upon the contract between Finis E. Riddle and E. G. Owen with Bohart and Wells and upon the consideration passing from the latter, there is clearly a sufficient consideration for the same in the detriment to the promisee, who parted with her property to Bohart and Wells in consideration of the deed in question from the defendants.

This action is clearly one upon a contract, and the measure of the plaintiff's damages is clearly that given by the law of the place of the contract at the time the same was entered into, so that section 2623, Stats. 1890 (section 2856, Rev. Laws 1910), is inapplicable. The plaintiff is directed to file a remittitur of said $25 in this cause, and the judgment below for $700, with interest thereon at the rate of 6 per cent. from July 9, 1904, is affirmed. Under section 4458, Stats. 1893 (section 5261, Rev. Laws 1910), when a judgment is reversed in part and affirmed in part, as in the instant case, the cost must be equally divided between the parties; and the clerk is directed to tax same according-

ly. Fitch v. Green, 39 Okla. 18, 134 Pac. 34.

Reversed in part, and affirmed in part. All the Justices concurring, except Justice OWEN, who was absent, and Justice TURNER not participating.