## THE COUNTY OF DIVIDE, a Municipal Corporation, Respondent, v. CITIZENS STATE BANK OF AMBROSE, a Corporation, Appellant.

### (201 N. W. 693.)

**Contracts — promise to release seed lien is good consideration for promise to pay money.**

1. A promise to release a seed lien is a good consideration for a promise to pay money, even though the lien be subsequent to another lien which would exhaust the value of the land.

**Contracts — legal detriment may be sustained by surrender of legal right by promisee.**

2. A legal detriment may be sustained by a promisee by the surrender of a legal right, regardless of whether or not the right has substantial value.

Opinion filed December 17, 1924.

Contracts, 13 C. J. § 144 p. 311 n. 64; § 150 p. 315 n. 90; § 163 p. 324 n. 34 New; § 170 p. 328 n. 81, 81 New; § 193 p. 342 n. 9 New.

Appeal from the District Court of Divide County, *Lowe, J.*
Affirmed.

*Geo. P. Homnes,* for appellant.

*E. J. McIlraith,* for respondent.

BIRDZELL, J. This is an appeal from an order of the district court of Divide County denying the defendant's motion for judgment not-

---

Note.—Relinquishment of legal right as consideration, see 6 R. C. L. 658; 2 R. C. L. Supp. 174.

withstanding the verdict or for a new trial. The action is upon a certain cashier's check in the sum of $296.73, which was issued by the defendant bank on September 29, 1922 and upon which it refused or stopped payment. The defenses pleaded were that the check had been issued through mistake and without consideration and that the plaintiff was not the owner of the check. On the trial it appeared that the defendant bank, in November, 1918, had sold on contract a quarter section of land to one Hans Christianson; that Christianson had gone into possession of the land and farmed the same thereafter for several years. He had made no substantial payments upon the contract and in the course of his farming operations he had received from the county certain seed grain, entering into the usual seed grain lien contract with the county. In February of the year 1922, being in default under his land contract, Hans Christianson and his wife executed and delivered a quitclaim deed to the land to the defendant bank as grantee, which deed was recorded on the 29th of November of the same year. After the deed was executed and before it was recorded (March 15, 1922), Christianson entered into a seed grain lien contract for certain seed grain amounting to $287.35, which amount became due October 1, 1922, as evidenced by the contract and by a promissory note of even date. In September, 1922 one Peterson was employed by the county to make collections under its seed grain contracts. He went to the defendant bank at Ambrose and made known his desire to collect for the seed grain which had been furnished to Christianson in the circumstances stated above. The cashier of the bank, one Grytness, was absent and Peterson explained his mission to one Braaten who, apparently, was in charge. Braaten was reluctant to issue a check to take up the seed grain lien, but did so on Peterson's assurance that it would be all right for him to issue such a check, which assurance was further strengthened by the representation that the bank had previously by letter substantially acknowledged its obligation. Braaten had been at the bank only a few weeks and was not as familiar with its business relations as was its cashier, Grytness. Upon the return of Grytness, an effort was made to secure the return of the check, but the county officials refused to accede to the request, but released the lien.

No question is raised as to the authority of Braaten to issue the check on behalf of the bank. The answer admits the making of the

check by the defendant, and neither is there any defense of mistake or misrepresentation made out such as would entitle the defendant to rescind the contract evidenced by the check. The substantial defense is lack of consideration. The contention in this respect is that the bank had notified the county in substance and Christianson was renting the land; that he was to have two-thirds of the crop and that the county might resort to him for collection of the lien; that the land upon which Christianson's contract had been cancelled was in reality worth less at the time of the cancellation than when the contract was made and that Christianson's payments had not been sufficient to give him any equity in the land over and above the vendor's claim for the purchase price. From this it is argued that there was no consideration for the check because the county gave up nothing of value when it gave up a lien which rested upon Christianson's contract. It is conceded that the lien is a cloud upon the title of the bank, and there is no doubt that when the check was given the purpose was to secure the release of the lien. It is elementary that a promise is a good consideration for a promise, even though the thing that is promised may be of no real benefit to the promiser. It is sufficient if it be a detriment to the promisee, and a detriment in this connection may consist in changing or agreeing to change or relinquish one's legal right regardless of the value of that right. In the instant case it is not contended that the county had no lien against the land. It is only argued that the lien was subsequent to another that would exhaust the value of the land. Nevertheless, the county, at least, had a right of redemption from the first lien that it could retain or surrender upon any terms satisfactory to itself, and the surrendering of that right of redemption is in itself a legal detriment. Neither further discussion nor citation of authority would render more plain the legal meaning and application of the term consideration than does the statement contained in § 5872 of the Compiled Laws for 1913 as follows:

"Any benefit conferred or agreed to be conferred upon the promiser by any other person to which the promiser is not lawfully entitled or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer as an inducement to the promiser, is a good consideration for a promise."

The county agreed to release a lien that it was not otherwise law-

fully bound to the promiser to release. This, in our opinion, is clearly a "prejudice" in law and a good consideration for the defendant's promise.

Judgment affirmed.

BRONSON, Ch. J., and CHRISTIANSON, NUESSLE, and JOHNSON, JJ., concur.