### NUHN et. v. BANK OF VERMILION CO.

Ohio Appeals, 6th Dist., Erie Co.

No. 274. Decided Apr. 28, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**287. CONSIDERATION—297. Contracts.**

1. Either benefit to promisor or detriment to promisee constitutes good consideration.

Not necessary that detriment shall be actual loss. Sufficient if promisee did something that it was not legally bound to do.

2. Where Common Pleas Court had rendered judgment against bank and parties, anxious that bank should carry case to Court of Appeals, agreed to hold bank free from payment of said judgment, and executed note, on consideration of carrying up of such case by bank, note so executed held not to be without consideration.

Error to Common Pleas.
Judgment affirmed.

Geo. A. Beis, Sandusky and G. A. Resek, Lorain, for Nuhn.

J. F. Hertlein, and Henry Hart, Sandusky, for Bank.

FULL TEXT.

RICHARD, J.

The Bank of Vermilion Company commenced an action in the court of common pleas against C. H. Nuhn, John A. Nuhn and Margaret Penson, three of the four heirs of Christian Nuhn, deceased, upon a written obligation executed by them. The trial resulted in a judgment in favor of the bank for $1986.-60, and this proceeding in error seeks a reversal of the judgment.

Christian Nuhn died on August 15th, 1915, leaving Ida Nuhn his divorced wife and three brothers and one sister as his next of kin. At the time of his death he had on deposit in the Bank of Vermilion Company $900.00 and this money was claimed by the widow to have been given to her by decedent. The bank, however, paid the amount of the deposit to the administrator. Thereupon the widow brought an action against it to recover the amount of the deposit, which action resulted in the rendition of a verdict and judgment in her favor against the bank. The amount paid by the bank to the administrator was used by him in the payment of debts of the decedent, leaving a small sum which was distributed to the next of kin. The decedent owned certain real estate in the city of Lorain, which was preserved for the benefit of the next of kin by reason of using the money so paid to the administrator for the purpose of paying the debts.

After the rendition of the judgment against the bank three of the next of kin, being anxious that the bank should carry the case to the Court of Appeals, on October 20, 1917, executed to the bank a written instrument which recites the bringing of the action by Ida Nuhn and the rendition of a judgment in that case for $1,000.00 against the bank, and which bound the signers, if the bank would prosecute eror to the Court of Appeals

"To hold the Bank of Vermilion Company free from the payment of said judgment or of any future judgment which may be rendered against it, providing however, that The Bank of Vermilion Company prosecute said case to the best of its ability and holds itself subject to our advice and order at all times, as to lawyers to be hired and expenses incurred."

The obligation further recited that in order to protect the bank they had executed on the same day their note of $1100 to cover judgment and costs that might be rendered in the case. On the same day the same three heirs executed to the bank a promissory note reading as follows:

"$1100.00    Vermilion, Ohio, Oct. 20, 1917.
Six months after date, for value received, we promise to pay to the order of The Bank of Vermilion Company, Eleven Hundred Dollars, at the office of The Bank of Vermilion Company, Vermilion, Ohio, with interest until due at six percent per annum, and after due at 8 percent per annum. Interest payable semi-annually. This note is given to secure the bank in case it loses out in the case of Ida Nuhn against The Bank of Vermilion Company.

C. H. Nuhn     John A. Nuhn.
Margaret Penson."

After the execution of the above instruments The Bank of Vermilion Company, relying thereon, duly prosecuted error to the Court of Appeals of Erie County, in which court the judgment of the court of common pleas was affirmed.

The present action is based on the promissory note above set forth and it is urged in defense that the instruments which were executed create no liability against these plaintiffs in error and that they were executed without any consideration. This court can not accede to that contention. The bank was under no obligation to prosecute error to the Court of Appeals, and while it is true that no benefit accrued to the promissors by reason of the promise to pay the bank, yet it is true that detriment resulted to the bank. It incurred the trouble and expense of prosecuting the case to the Court of Appeals and it has long been settled that either benefit to the promissor or detriment to the promissee constitutes a good consideration. It is not necessary that the detriment to the bank should be an actual loss to it, for under the law it is sufficient if the bank did something that it was not legally bound to do. A familiar case under this branch of the law is Devecmon v. Shaw, 69 Md., 199; 9 Am. St. Reps., 422, in which it was held that an agreement to pay the expenses of another person if he will take a trip to Europe in no way connected with the promissor's business, is sufficient consideration; and if the promissee takes the trip he may recover the amount of the expense from the promissor. See also Dalrymple, Admr. v. Wyker, Admr., 60 Ohio St., 108.

For the reasons given the judgment will be affirmed.

Williams and Lloyd, JJ., concur.