No. 28,252.

CHARLES W. WOODMAN, *Appellee*, v. H. F. MILLIKAN, *Appellant*.

(270 Pac. 584.)

Opinion filed October 6, 1928.

*Walter L. Bullock*, of Dodge City, for the appellant.

*Albert Watkins* and *Arthur C. Scates*, both of Dodge City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action upon a promise in writing to pay the debt of another. The defendant demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant then elected to stand upon his demurrer. The trial court then rendered judgment in favor of plaintiff and against the defendant for the full amount of the obligation of the original debtor with interest.

The appellant insists that his demurrer to the petition should have been sustained for the reason that the petition failed to state a definite and certain unqualified promise to pay at a time certain out of his own funds and that plaintiff relied upon such promise and accepted it as a guaranty, and because there was no consideration for the promise.

The promises alleged in the petition are contained in two letters written by the defendant to the plaintiff, which contain the following clauses:

"One thing I will say and that is if this party does not come up with the money soon I will get it and send myself, as I do not intend to keep you waiting much longer."

"But I will sure make it good myself if I do not succeed in collecting it, as [it] is no fault of yours."

The first clause was in a letter dated February 25, 1922, and the second in one dated July 18, 1922. These letters are set out in full in the petition, and, together with the allegations of the petition, show that defendant, as a real-estate agent, sold the land of the plaintiff for $1,600, of which $600 was to be paid in cash and $1,000 in three years at six per cent interest, to be secured by a mortgage on the land. Plaintiff sent deed in blank as to the name of grantee, and defendant closed the deal by filling in the name of the purchaser in the deed and delivering it to the purchaser, taking back from him his personal check for $600, payable to defendant, and a note and mortgage for $1,000 in favor of plaintiff. The check of the purchaser to defendant was dishonored and the purchaser has never paid either the plaintiff or the defendant the $600 he promised to pay in cash.

The two clauses above quoted from the letters most certainly show that the writer promised to pay this part of the purchase price out of his own funds in case the purchaser failed to do so. This was the only condition imposed which makes his promise a guaranty. He leaves no uncertainty about it, even as to time, when he says it will be "soon," and will not keep him "waiting much longer." In another part of one of the letters he says, "Think in a few days he will have it." Two other places in the same letter he refers to it being "right soon now" and "right soon." The concluding words of the second letter are: "In conclusion will say that you certainly have treated me fine and that you will not lose."

Where time of performance is not fixed or is indefinite in a contract the usual rules of construction by the courts are employed to ascertain the intention of the parties and what would be a reasonable time under all the existing facts and circumstances rather than to hold such a contract void for uncertainty. Absolute certainty is not required. A promise not in itself certain may be rendered certain by a reference to something certain. (13 C. J. 269.)

"If, with the aid of the usual tests and principles of construction, the court is able to ascertain and to enforce the intention of the parties, their agreement will not be held uncertain." (13 C. J. 268.)

"The failure of an executory contract to state the time within which it is to be performed does not render it void for uncertainty, since it will be implied that performance is to be within a reasonable time." (13 C. J. 270.)

As to the plaintiff relying upon the promise and accepting it as a guaranty, there is no need of a formal acceptance where the original debt is preëxisting. The acceptance and reliance sometimes necessary is in cases where the promise of the third party is made at the time or prior to contracting the debt as a promise in order to obtain credit for the real debtor. (25 R. C. L. 486.) The intervening space between the two letters and between the last letter and the commencement of the suit show that plaintiff was depending upon defendant to either collect from the purchaser or pay it himself as he had promised. If any reliance upon the promise is necessary it is shown conclusively in the bringing of the suit to enforce it. No earlier indication is necessary where the original debt is preëxisting.

"Where the offer is to do something if the offeree will not merely promise to do, but do, something, compliance with the condition of the offer by doing the act in the way prescribed is ordinarily sufficient evidence of the acceptor's assent, and it is not necessary to show that he notified the offerer that he accepted the offer and would perform the condition." (13 C. J. 284.)

The case of *Miami County Nat. Bank v. Goldberg*, 133 Wis. 175, cited by appellant, applies, as above stated, to indebtedness not yet incurred. There the third party requested the bank to let another make overdrafts, and it was held the bank, in order to bind such guarantor, must signify its acceptance.

Was there any consideration to support this promise to pay the debt of the purchaser? There may not have been any consideration moving directly to the defendant, but none is necessary for such a guaranty. It is sufficient if it benefit the original debtor or be an inconvenience or deprivation to the promisee.

"The consideration need not be one passing from the guarantee to the guarantor; a benefit to the principal debtor or an injury to the guarantee is sufficient; such as a promise by the creditor to refrain from legal proceedings against the principal debtor, or an extension of time to the principal debtor." (12 R. C. L. 1077.)

"An extension of the time of payment of an obligation constitutes in legal effect a forbearance to sue, and, under the rules stated in the preceding paragraph is a sufficient consideration for a guaranty of the obligation. And, if the debtor avails himself of the extension of time, it is not material that the promise to extend indulgence is given to the guarantor rather than to the principal debtor. The extension of time need not be for a definite period; if

the duration of the extension is not expressed and the creditor forbears for a reasonable time, a guaranty of the debt is based on a sufficient consideration." (12 R. C. L. 1080.)

"A promise to a creditor to pay his debtor's debt, the debtor not being discharged by the arrangement, in consideration of the creditor giving time to the debtor, or forbearing to sue him . . . is within the statute of frauds for the reason that such considerations are not regarded as directly beneficial to the promisor." (27 C. J. 150, 151. See, also, 25 R. C. L. 494; 2 Page on Contracts, § 1218.)

Any delay was an inconvenience and detriment to the promisee and also a benefit to the original debtor in that it gave him further opportunity to meet the obligation. We have no hesitancy in holding in this case that there was a good and sufficient consideration to support the written promise of the defendant.

The judgment is affirmed.