EAST CAROLINA RAILWAY v. ZIEGLER BROTHERS.

(Filed 25 February, 1931.)

**Contracts A d—Promise of railroad to provide certain rate to point on its line held to be sufficient, valid consideration to support contract.**

The giving up of a legal right to the promisor's detriment is a sufficient consideration to support a contract, and where a railroad company lawfully agrees to transport freight to a certain point on its line for the defendant at a certain rate, the railroad company has given up a legal right which is sufficient to support the agreement of the shipper to exclusively use its line, although thereafter the rate would be available to all shippers in the same circumstances, and the railroad company may recover damages from the shipper for breach of performance on his part.

APPEAL by defendants from *Cranmer, J.,* at November Term, 1930, of EDGECOMBE. Affirmed.

*A. C. Davis and Battle & Winslow for appellants.*
*H. H. Phillips for appellee.*

ADAMS, J. This is an action to recover damages for breach of contract. The plaintiff alleged "that on or about 13 October, 1928, the plaintiff and the defendants entered into a contract under and by virtue of the terms of which the defendants, in consideration of plaintiff's agreement to give to them the same freight rates to certain points on its railroad which defendants then had on shipments to Tarboro, N. C., agreed to locate their working operations and the terminal point of their shipments of sand, cement and stone at either West Tarboro or Davistown, points on the line of the plaintiff company, and further agreed to cause all of its shipments of sand, cement and stone to be made over the line of this company to such terminal"; that the plaintiff had fully complied with its agreement and that the defendants had failed to locate their working operations and the terminal point of their shipments at the place agreed upon and had failed to make all their shipments over the plaintiff's line; and that the plaintiff in consequence had been damaged.

The defendants demurred on the ground that the contract is *nudum pactum* for that: (a) If the promise of the plaintiff, alleged to be the consideration therefor, was to give the defendants the benefit of the same freight rates which were available to the public generally, it was a promise to do what the plaintiff was bound by law to do, and therefore not sufficient consideration to support a contract; (b) if the promise alleged as a consideration for the contract was the promise to

give the defendants the benefit of different freight rates from those available to the public generally, the same was an unlawful discrimination, the promise to do an illegal act, and therefore not a sufficient consideration to support the contract.

The demurrer was overruled.

The contract consists of mutual promises; the defendants, therefore, made certain promises to the plaintiff. The modern conception of a consideration is not essentially a benefit to the promisor; one of the tests is whether there is a detriment to the promisee. The principle is stated in *Institute v. Mebane,* 165 N. C., 644, 651: "A valuable consideration in the sense of the law may consist either in some right, interest, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other. Courts 'will not ask whether the thing which forms the consideration does in fact benefit the promisee or a third party, or is of any substantial value to any one. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made, as consideration for the promise made to him.' Anson on Contracts, 63. 'In general, a waiver of any legal right at the request of another party is a sufficient consideration for a promise.' Parsons on Contracts, 444. 'Any damage, or suspension, or forbearance of a right will be sufficient to sustain a promise.' 2 Kent's Com. (12 ed.), 465. Pollock, in his work on Contracts, page 166, after citing the definition given by the Exchequer Chamber already quoted, says: 'The second branch of this judicial description is really the most important one. Consideration means, not so much that one party is profiting, as that the other abandons some legal right in the present or limits his legal freedom of action in the future, as an inducement for the promise of the first.' *Hamer v. Sidway,* 21 Am. St. Rep. (N. Y.), 593."

The detriment suffered is set forth in the complaint. The plaintiff, under authority of law, put into effect, for the benefit of the defendants, tariff rates which were lower than those it was charging at the time the contract was made. Public Laws, Extra Session, 1920, ch. 56. The result was that it sustained a loss on the freight transported for other shippers who were entitled to the reduced rates. We find nothing in the complaint which indicates an unlawful discrimination. The reduction of rates was a benefit, not exclusively to the defendants, but to the general public. Judgment

Affirmed.