## PETROLEUM REFRACTIONATING CORPORATION v. KENDRICK OIL CO.
### No. 774.

Circuit Court of Appeals, Tenth Circuit.
June 21, 1933.

998

Harry L. Jacobs, of Kansas City, Mo. (Allen, Underwood & Canterbury and Paul Pinson, all of Tulsa, Okl., and Ringolsky, Boatright & Jacobs and D. S. Millman, all of Kansas City, Mo., on the brief), for appellant.

Edgar A. de Meules, of Tulsa, Okl. (Geo. S. Ramsey, Villard Martin, and Garrett Logan, all of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

The Petroleum Corporation brought this action against the Kendrick Company to recover damages for breach of contract. After setting out the jurisdictional facts, the amended petition alleged that on January 15, 1932, the Kendrick Company gave an order to the Petroleum Corporation, the material portions of which read as follows:

"January 15th, 1932.
"To Petroleum Refractionating Company, Tulsa, Oklahoma.
Ship to Metropolitan Utilities District, Gas Plant, 20th & Center Streets, Omaha, Nebraska. * * *
Shipping date, February, March, April and May.
Cars—1,500,000 gallons, 10% more or less.
Commodity—35-37 straight run gas oil, meeting Metropolitan Utilities District specifications.
Price—45¢ barrel.
F. O. B.—Pampa, Texas.
Terms—1-10. * * *
Seller may cancel any unshipped portion of this order on five days' notice, if for any reason, he should discontinue making this grade of oil. * * * "

That the Petroleum Corporation accepted such order and delivered thereunder 62,601 gallons of such oil; that on February 16, 1932, the Kendrick Company notified the Petroleum Corporation that it would not accept further deliveries under such order for the reason that the grade of oil being shipped was not of the standard stipulated in the order; that after notice to the Kendrick Company, and on February 21, 1932, the Petroleum Corporation resold the portion of the oil remaining undelivered under such contract at 25 cents a barrel. It sought damages for the difference between the contract price and the resale price of such oil.

The Kendrick Company demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The trial court held that there was no consideration for the promise of the Kendrick Company to purchase, and sustained the demurrer. The Petroleum Corporation elected to stand on its amended petition, and the trial court entered judgment for the Kendrick Company. This is an appeal therefrom.

Counsel for the Petroleum Corporation contend that the promise of the Kendrick Company to purchase was supported by the agreement of the Petroleum Corporation either to sell, which would be a benefit to the Kendrick Company, or, in the alternative, to discontinue making such grade of oil, which would be a detriment to the Petroleum Corporation. On the other hand, counsel for the Kendrick Company contend that whether the Petroleum Corporation should sell and deliver the oil was conditioned only by the will or wish of the Petroleum Corporation.

A benefit to the promisor or a detriment to the promisee is a sufficient consideration for a contract.[1]

The detriment need not be real; it need not involve actual loss to the promisee. The

[1] Hendrick v. Lindsay, 93 U. S. 143, 148, 149, 23 L. Ed. 855; Pillan v. Van Mierop, 3 Burr. 1663; Snyder v. Snyder, 193 Ky. 233, 235 S. W. 743; Dunn v. Thompson, 156 Okl. 169, 9 P.(2d) 959; Riddle v. Hudson, 68 Okl. 172, 172 P. 921; Broaddus v. First Nat. Bank of Hagerstown, 161 Md. 116, 155 A. 309; East Carolina Ry. Co. v. Ziegler Bros., 200 N. C. 396, 157 S. E. 57; Tabler v. Hoult, 110 W. Va. 542, 158 S. E. 782; Wallace v. Cook, 190 Ky. 262, 227 S. W. 279; Nakdimen v. Nat. Bank, 177 Ark. 303, 6 S.W.(2d) 505; Sternberg Dredging Co v. Bondurant's Executor, 223 Ky. 668, 4 S.W.(2d) 686; Gertner v. Limon Nat. Bank, 82 Colo. 13, 257 P. 247; Troutman v. Webster, 82 Colo. 93, 257 P. 262; Woodman v. Millikan, 126 Kan. 640, 270 P. 584.

word, as used in the definition, means legal detriment as distinguished from detriment in fact. It is the giving up by the promisee of a legal right; the refraining from doing what he has the legal right to do, or the doing of what he has the legal right not to do.[2]

■ And where there is a detriment to the promisee, there need be no benefit to the promisor.[3]

Under the terms of the contract, the Petroleum Corporation agreed either to sell and deliver the oil or to discontinue making the grade of oil contracted for, and to give five days' notice of cancellation of the contract.

■ Since alternative courses were open to the Petroleum Corporation, the contract was without consideration on its part, if any one of the courses standing alone would have been an insufficient consideration. Restatement, Contracts, § 79; Williston on Contracts, § 104, p. 219; McManus v. Bark L. R. 5 Exch. 65.

The question then is, Would a discontinuance by the Petroleum Corporation to manufacture the grade of oil contracted for result in such a detriment to it as would constitute a consideration for the promise of the Kendrick Company to purchase?

The giving up by the seller of the right to sell to others such goods as he should man-

ufacture during a specified period has been held a sufficient consideration for the promise of the buyer to purchase such goods, although the seller was not obligated to manufacture any goods whatever. Ramey Lumber Co. v. John Schroeder Lumber Co. (C. C. A. 7) 237 F. 39; Green v. Lovejoy, 155 Minn. 241, 193 N. W. 173.

The giving of a preferential right to purchase personal property, in the event the owner should conclude to sell it, has been held a sufficient consideration for the promise of another to purchase, although there was no obligation on the part of the owner to sell. Vickrey v. Maier, 164 Cal. 384, 129 P. 273.

In City of Marshall v. Kalman, 153 Minn. 320, 190 N. W. 597, Kalman agreed to purchase all the street improvement certificates which the city should issue during a specified period, at par plus accrued interest. It was urged that the contract was without consideration on the part of the city because it was not obligated to issue any certificates. The court held that, although the city had not agreed to issue any certificates, it had restricted its freedom to sell to others any certificates which it might issue, and that such restriction was a valid consideration for the promise of Kalman to purchase.

■ Should the Petroleum Corporation, under the alternative provision of the contract, discontinue to manufacture the grade of oil specified in the contract, it would refrain from doing that which it had the right to do; and it would thereby give up a legal right—the right to continue to make the grade of oil specified.

It follows that, under the principles above stated, the discontinuance by the Petroleum Corporation to manufacture the grade of oil specified in the contract would constitute a detriment to it, and the promise so to do would be a sufficient consideration for the promise of the Kendrick Company to purchase.

The judgment is reversed with instructions to overrule the demurrer.

[2] Williston on Contracts, § 102 (a); Wit v. Commercial Hotel Co., 253 Mass. 564, 149 N. E. 609, 612; Nuhn v. Bank of Vermilion Co., 29 Ohio App. 97, 163 N. E. 45; Wallace v. Cook, 190 Ky. 262, 227 S. W. 279; Harp v. Hamilton (Tex. Civ. App.) 177 S. W. 565; Henderson v. Kendrick, 82 Fla. 110, 89 So. 635; Divide County v. Citizens State Bank of Ambrose, 52 N. D. 29, 201 N. W. 693; York Metal & Alloys Co. v. Cyclops Steel Co., 280 Pa. 585, 124 A. 752; East Carolina Ry. Co. v. Ziegler Bros., 200 N. C. 396, 157 S. E. 57; Troutman v. Webster, 82 Colo. 93, 257 P. 262; Bigelow v. Bigelow, 95 Me. 17, 49 A. 49.

[3] Hendrick v. Lindsay, supra; Riddle v. Hudson, supra; Pillan v. Van Microp, supra; York Metal & Alloys Co. v. Cyclops Steel Co., 280 Pa. 585, 124 A. 752; Luigart v. Federal Parquetry Mfg. Co., 194 Ky. 213, 238 S. W. 758; Kirkman v. Hodgin, 151 N. C. 588, 66 S. E. 616; Faulkner v. Gilbert, 57 Neb. 544, 77 N. W. 1072; Moench v. Hower, 137 Iowa, 621, 115 N. W. 229; Williams v. Bank of America Nat. Assn. (C. C. A. 8) 55 F.(2d) 884; Williston on Contracts, § 102.