**PIONEER CREDIT COMPANY,**
Plaintiff and Appellee,

v.

**John MEDALEN, Defendant**
**and Appellant.**

**Civ. No. 10257.**

Supreme Court of North Dakota.

Nov. 24, 1982.

Pringle & Herigstad, Minot, for plaintiff and appellee; argued by Richard P. Olson, Minot.

Benson Law Offices, Bottineau, for defendant and appellant; argued by A.S. Benson, Bottineau.

PEDERSON, Justice.

This is an appeal by John Medalen from a summary judgment entered by the district court of Ward County. We affirm.

Medalen's daughter and son-in-law, Joanne and Walter Rockvoy, were obligated on a promissory note to Pioneer Credit Company. The Rockvoys failed to make payment and Pioneer began foreclosure proceedings against Rockvoy property. The Rockvoys signed a confession of judgment but asked Pioneer to accept a personal guarantee in exchange for withholding execution on the judgment. Pioneer agreed, and its attorneys drafted a "Guarantee of Payment" which John Medalen signed.

The Rockvoys did not pay the judgment but filed for bankruptcy. Pioneer then sought payment from Medalen. After filing suit against Medalen, Pioneer sought summary judgment pursuant to Rule 56, NDRCivP. Medalen had not responded to the complaint.

At the hearing on the motion for summary judgment, the court granted Medalen an additional ten days to submit an answer to the complaint and the Rule 56(e) affidavits. Medalen then filed an answer and affidavits admitting that he signed the "Guarantee of Payment," but denying liability because (1) he did not read the "Guarantee of Payment" before he signed it, (2) Walter Rockvoy misrepresented what the document was, and (3) there was no consideration in exchange for his signature. These allegations, Medalen asserted, presented genuine issues of fact that precluded the court from granting summary judgment. The trial court, however, found no material facts in dispute and granted Pioneer's motion for summary judgment.

Medalen asserts, in his brief on appeal, that the trial court abused its discretion in not granting more time to accumulate additional evidence in opposition to the motion for summary judgment. The transcript indicates that Medalen requested ten days, which the court granted. At oral argument counsel for Medalen conceded this point. There has been no showing that the court abused its discretion by granting Medalen only the ten days that he requested in which to file affidavits and an answer.

Medalen argues that genuine issues of fact exist and, therefore, the court erred in granting summary judgment. We do not agree that genuine issues of fact do exist. Summary judgment is a procedural device used for the prompt and expeditious disposition of a controversy without a trial when there is no dispute over the material facts and the inferences to be drawn from them, or when there is only a question of law

involved. *Sheets v. Letnes, Marshall & Fiedler, Ltd.,* 311 N.W.2d 175, 180 (N.D. 1981); *Breene v. Plaza Tower Ass'n,* 310 N.W.2d 730, 733 (N.D.1981); *Schoonover v. Morton Cty.,* 267 N.W.2d 819, 821–822 (N.D. 1978). On appeal from a summary judgment, the evidence is viewed in the light most favorable to the party against whom summary judgment was granted. This court may determine only if a genuine issue of material fact exists and if the law has been applied correctly. *Erickson v. Farmers Union Mut. Ins. Co.,* 311 N.W.2d 579, 580 (N.D.1981).

The first reason advanced by Medalen for denying liability on the guarantee was that he did not read the "Guarantee of Payment" before signing. Failure to read a document before signing does not excuse ignorance of its contents unless the party shows that "he was prevented from reading it by fraud, artifice, or design by the other party or his authorized representative." *Oliver-Mercer Electric Cooperative, Inc. v. Fisher,* 146 N.W.2d 346, 357 (N.D.1966). Medalen's affidavit did not allege that Rockvoy or Pioneer prevented him from reading the "Guarantee of Payment." Rather, as the court noted, the affidavit revealed that Medalen "failed to read the document entirely on his own volition." Thus, the court properly concluded that this assertion did not present a genuine issue of material fact.

The second reason Medalen raised to deny liability to Pioneer was that Walter Rockvoy misrepresented what the "Guarantee of Payment" was and thus fraudulently obtained his signature. When a motion for summary judgment is made, the adverse party may not rest upon mere allegations or denials of his pleadings but, in response, his affidavits must set forth specific facts showing that there is a genuine issue for trial. *Schoonover, supra,* 267 N.W.2d at 822; *Johnson v. Community Development Corp., etc.,* 222 N.W.2d 847, 850 (N.D.1974). Summary judgment may be used in all types of litigation, but some cases lend themselves more readily to summary judgment adjudication than others. As the Supreme Court of South Dakota noted, "[s]tatistics show it is granted more frequently in actions on notes and for debts than in other kinds of cases. Three classes of litigation which are not usually suited for summary disposition are 1) negligence actions, 2) actions involving states of mind, 3) equitable actions." *Bourk v. Iseman Mobile Homes, etc.,* 316 N.W.2d 343, 344 (S.D.1982). We cannot add fraud and misrepresentation to that list. Fraud, as an affirmative defense, must be specifically pleaded. Rules 8(c) and 9(b), NDRCivP. If the affidavits in support of alleged fraud fail to state specific facts to support a claim of fraud, summary judgment is appropriate.

Medalen failed to state specific facts to support his claim of fraud. The "Guarantee of Payment" clearly indicated that the Rockvoys were in default on the note and that if the Rockvoys failed to pay their obligation to Pioneer, Medalen would be responsible. Thus, in the absence of specific facts indicating fraud, the court was correct in concluding that there was no genuine issue regarding fraud. This is not to say, however, that Medalen could not proceed against his son-in-law on a claim of fraud or misrepresentation.

Finally, Medalen asserted that the "Guarantee of Payment" failed for lack of consideration, thus relieving him of financial responsibility. The "Guarantee of Payment" clearly stated that the consideration was Pioneer's promise to withhold execution on the judgment. Surrender of a legal right or forbearance constitutes valid consideration. See *Divide County v. Citizens' State Bank of Ambrose,* 52 N.D. 29, 201 N.W. 693 (N.D.1924); *Schue v. Jacoby,* 162 N.W.2d 377 (N.D.1968). Thus, no issue of fact regarding failure of consideration was before the court.

We conclude that there were no genuine issues of material fact before the district court and it properly concluded that Medalen was liable to Pioneer on the "Guarantee of Payment". The summary judgment is therefore affirmed.

ERICKSTAD, C.J., and PAULSON, SAND and VANDE WALLE, JJ., concur.