FARMERS UNION OIL COMPANY OF NEW ENGLAND, a cooperative, Plaintiff and Appellee,

v.

William S. MAIXNER, Defendant and Appellant,

Lew Spears and New England Agri-Services, Inc., Defendants.

Civ. No. 10943.

Supreme Court of North Dakota.

Oct. 29, 1985.

---

* PEDERSON, Surrogate Justice, sitting in place of VANDE WALLE, Justice, disqualified.

James D. Gion, Regent, for plaintiff and appellee.

Freed, Dynes, Reichert & Buresh, Drawer K, Dickinson, for defendant and appellant; argued by Ronald A. Reichert.

ERICKSTAD, Chief Justice.

William S. Maixner appeals from the judgment of the District Court of Hettinger County, awarding Farmers Union Oil Company of New England (Farmers Union) damages of $22,036.78 plus interest and costs, and reasonable attorney's fees in the sum of $750.00.

The Defendant, William S. Maixner, is the principal stockholder and president of New England Agri-Services, Inc. (Agri-Services). Agri-Services is in the business of selling chemicals, feed, seed, and various other products along with performing related services for its customers. Most of the chemicals were purchased from Farmers Union on an open account and sold on the retail level. Agri-Services' account with Farmers Union became overdue and delinquent in the amount of $22,036.78.

On December 17, 1983, after the account had been outstanding for 14 months, Maixner executed and delivered to Eldon Kaufman, the chairman of the Board of Directors of Farmers Union, a document entitled PERSONAL GUARANTEE. The document was prepared by Farmers Union's attorney and read as follows:

"PERSONAL GUARANTEE

"The undersigned does represent to Farmers Union Oil Company of New England that he is one of the principals or owners in the business organization known as Agri-Business, Inc. Further, in consideration of the forbearance of Farmers Union Oil Company of New England from bringing suit on the account of that business organization at this time, the undersigned does personally and individually guarantee payment of all payments due upon the business credit account with Farmers Union Oil Company of New England, together with payment of any and all expenses incurred by creditors as a result of non-payment of said credit account when due.

"Dated this 17 day of December, 1983.
/s/ William S. Maixner
Individual Guarantor
New England, N.D.
Residence Address"

The trial court found there was no credible evidence of fraud or duress and that Maixner signed and delivered the guarantee of his own free will. Maixner testified that he read the guarantee. He made no objection or comments about the guarantee and asked no questions. No explanation of the guarantee was made by Kaufman and there was no discussion concerning a possible lawsuit.

On February 17, 1984, two months after the signing of the guarantee, a Summons and Complaint was served, asking for judgment against Maixner and Agri-Services, jointly and severally, for the sum of $22,036.78, the amount due on Agri-Services account, plus costs, attorneys' fees and disbursements. The case was tried without a jury September 13, 1984. Agri-Services did not answer or appear and as such judgment by default was entered against Agri-Services for the amount sued in the complaint. On December 21, 1984, judgment was entered against Maixner in the amount of $22,036.78 plus interest and costs. Farmers Union was also awarded reasonable attorneys' fees in the sum of $750.00.

There are two basic issues raised on appeal. The first one involves the concepts of lack of consideration, failure of consideration, forbearance to sue and the reason-

ableness of the time of forbearance. The second one involves the propriety of the allowance of attorneys' fees.

## I

■ A written instrument is presumptive evidence that there was consideration for the written instrument. Section 9–05–10, N.D.C.C.; *Mid-America Real Estate & Inv. Corp. v. Lund*, 353 N.W.2d 286, 290 (N.D.1984); *Farmers & Merchants National Bank of Hatton v. Lee*, 333 N.W.2d 792, 794 (N.D.1983). The burden of proving lack of consideration lies with the party seeking to avoid the instrument. Section 9–05–11, N.D.C.C.; *Mid-America Real Estate*, 353 N.W.2d at 290; *Farmers & Merchants National Bank of Hatton*, 333 N.W.2d at 794. In light of these rules Maixner makes two arguments in challenging the trial court's conclusion that there was adequate consideration on the part of Farmers Union.

## A.

First, Maixner alleges that Farmers Union did not forbear instituting a lawsuit against Agri-Services and therefore did not give any consideration for Maixner's guarantee. Maixner supports this argument by interpreting the facts to support his claim that the Board of Directors had the responsibility of instituting lawsuits; that the Board of Directors did not make the decision to initiate this lawsuit; that the members of the Board of Directors did not discuss the possibility of initiating a lawsuit relevant to the signing of the guarantee; and that Kaufman had no authority to institute this lawsuit but did so without the knowledge or approval of the Board of Directors.

■ The crux of Maixner's argument is the assumption that the Farmers Union Board of Directors did not formally agree to institute a lawsuit before the signing of the guarantee. It is argued that without a formal agreement to institute a lawsuit Farmers Union could not have forborn instituting a lawsuit and thus gave no consideration. This argument, however, misin-terprets the requirements of consideration. Refraining from doing something which one has a legal right to do constitutes good consideration. *Gulden v. Sloan*, 311 N.W.2d 568, 572 (N.D.1981). It is not necessary that Farmers Union had actually decided to institute a lawsuit and then agreed to forbear taking such action on account of the guarantee. All that is necessary is proof that Farmers Union gave up its right to institute a lawsuit against Agri-Services in exchange for the guarantee by Maixner. *Gulden*, 311 N.W.2d at 572; *Pioneer Credit Co. v. Medalen*, 326 N.W.2d 717, 719 (N.D.1982); *Divide County v. Citizens' State Bank of Ambrose*, 52 N.D. 29, 201 N.W. 693, 694 (N.D.1924); Section 9–05–01, N.D.C.C. The personal guarantee specifically states that Farmers Union will forbear from bringing suit. We thus conclude that there was an agreement to forbear from bringing a lawsuit and that forbearance from bringing suit can constitute good consideration.

■ Maixner has questioned the authority of Kaufman to initiate a lawsuit on behalf of Farmers Union. Whether or not Kaufman had actual authority to initiate a lawsuit is unimportant as Maixner cannot object to Kaufman's alleged lack of authority. As a general rule, if a corporation does not object to an officer's lack of authority, a third person may not object. *Village of Brown Deer v. City of Milwaukee*, 16 Wis.2d 206, 114 N.W.2d 493, 497 (1962). Farmers Union did not object to any lack of authority on the part of Kaufman; therefore, Maixner may not do so.

■ Maixner also argues that the guarantee is ineffective because Farmers Union did not accept the guarantee. In our view the acceptance of the guarantee by the chairman of the Board of Directors of Farmers Union, after execution of the guarantee by Maixner in the chairman's presence, constitutes acceptance by Farmers Union.

## B.

■ Maixner next argues that he did not receive adequate consideration because

Farmers Union did not forbear from bringing suit for a reasonable period of time. The personal guarantee does not provide a specific time period during which Farmers Union will forbear from bringing suit. It merely states that Farmers Union will not bring suit "at this time." This seems to be more of a *failure of consideration* argument, to wit: Farmers Union failed to forbear bringing suit for a reasonable time, rather than a *lack of* consideration argument, to wit: the guarantee *lacked consideration* at the time of execution of the guarantee agreement. We have said that the determination that consideration has failed is a question of fact. *First National Bank of Belfield v. Burich,* 367 N.W.2d 148, 152 (N.D.1985). We also said in *Burich:*

> "3. *Failure of consideration should be distinguished from lack of consideration. When there is a lack of consideration no contract is ever formed.* Harrington v. Harrington, 365 N.W.2d 552 (N.D.1985). When there is a failure of consideration, a contract, valid when formed, becomes unenforceable because the performance bargained for has not been rendered. *Franklin v. Carpenter,* 309 Minn. 419, 244 N.W.2d 492 (1976). See also, 1 Williston, Contracts, §§ 119A (3d ed.); 1 Corbin, Contracts, § 133."

Both parties acknowledge that "[a]n agreement to forbear need not be in express terms or for an exact period of time." *First National Bank of Red Bud v. Chapman,* 51 Ill.App.3d 738, 9 Ill.Dec. 426, 430, 366 N.E.2d 937, 941 (1977); *Baker v. Citizens State Bank of St. Louis Park,* 349 N.W.2d 552, 559 (Minn.1984). When an exact period of time is not stated, it will be inferred from the surrounding circumstances that the forbearance should be for a "reasonable time." *Chapman,* 9 Ill.Dec. at 430, 336 N.E.2d at 941. If the surrounding circumstances indicate that the forbearance has not been for a reasonable time, then there is a failure of consideration and the guarantor is discharged from liability. *Baker,* 349 N.W.2d at 559.

The question which must be resolved is whether or not Farmers Union's forbearance from bringing suit for two months is a reasonable time and thus not a failure of consideration. This issue of the reasonableness of the time of forbearance is a question of first impression in North Dakota.[1]

■ While Farmers Union briefly discussed the issue of reasonable time of forbearance at the trial level and in its brief, Maixner did not raise this specific question until his reply brief. Therefore, we are faced with the preliminary question of whether or not it is appropriate for us to review this issue. We recognize the ample authority that generally a party may not raise an issue for the first time on appeal. *Andersen v. Teamsters Local 116 Building Club, Inc.,* 347 N.W.2d 309, 313 (N.D. 1984); *Towne v. Sautter,* 326 N.W.2d 694, 697 (N.D.1982); *Allen v. Kleven,* 306 N.W.2d 629, 633 (N.D.1981); *Moran v. Moran,* 200 N.W.2d 263, 270 (N.D.1972). However, in this case the new argument raised is based upon the same general defense that was raised in the lower court; that is the defense of lack of consideration. In the lower court, Maixner's defense of lack of consideration was based upon his contention that there was no forbearance on behalf of Farmer's Union. On appeal, Maixner seems to have broadened his argument to assert that if the guarantee provided for consideration at the time of its execution, Farmers Union failed to perform by not forbearing a reasonable period of time and thus, the consideration became inadequate. The lower court in essence merely

---

1. While the question of what constitutes a reasonable time of forbearance on a personal guarantee that is indefinite as to time is a question of first impression in North Dakota, several other courts have discussed this issue. *Baker v. Citizens State Bank of St. Louis Park,* 349 N.W.2d 552 (Minn.1984); *Sheraton Service Corporation v. Kanovos,* 4 Mass.App. 851, 357 N.E.2d 20 (1976); *Mintz v. Hornblower & Weeks,* 83 F.2d 32 (6th Cir.1936); *Citizens Sav. Bank & Trust Co. v. Babbitt's Estate,* 71 Vt. 182, 44 A. 71 (1899).

ruled that as the guarantee contained a provision obligating Farmers Union to forbear bringing suit against Agri-Services in exchange for Maixner's personal guarantee, consideration existed for the guarantee. In effect on appeal Maixner makes two different consideration arguments, (1) the guarantee on its face lacks consideration,[2] (2) Farmers Union failed to perform by not forbearing a reasonable time and thus the consideration became inadequate (consideration failed).

We will consider this aspect of consideration on appeal because of the confusion which exists between lack of consideration and failure of consideration, notwithstanding that the trial court may not have been fairly apprized of the latter issue.

■ In the case before this Court, it cannot be determined from the personal guarantee what period of time the parties intended when it was agreed that Farmers Union would forbear from bringing suit "at this time." When the intent of the parties concerning time of forbearance cannot be determined from the personal guarantee alone, forbearance should be for a reasonable time. What constitutes a reasonable time within the facts of a given case is a question of fact to be determined by the trier of fact. In at least two cases, not involving the issue of the reasonableness of time of forbearance but cases involving the issue of reasonableness of time, we have said such an issue is a question of fact. *Keller v. Hummel,* 334 N.W.2d 200, 203 (N.D.1983); *Mott Equity Elevator v. Svihovec,* 236 N.W.2d 900, 907 (N.D.1975). Applying that rule, we remand this case to the trial court to determine as a question of fact if, under the facts of this case, two months was a reasonable time of forbearance, or if bringing suit within two months of the execution of the guarantee constituted a failure of consideration.

**2.** We have disposed of the first "consideration" issue earlier herein on the basis that the determination of lack of consideration is generally considered a question of law for the court to

## II.

The next issue for this Court to address is whether or not it was proper to award Farmers Union reasonable attorney's fees of $750.00. Maixner argues that the awarding of attorneys' fees is improper as it is against public policy according to Section 28–26–04, N.D.C.C. Farmers Union contends that Section 28–26–04 does not apply in this case and that the awarding of attorneys' fees was proper according to Section 28–26–01, N.D.C.C. The trial court gave no specific legal basis for its decision to award attorneys' fees. The trial record strongly suggests, and it is agreed by both parties, that the only basis for awarding attorneys' fees is the guarantee signed by Maixner. The relevant part of this document states that, "the undersigned does personally and individually guarantee ... payment of any and all expenses incurred by creditors as a result of non-payment of said credit account when due."

■ "The general rule in North Dakota is that in the absence of any contractual or statutory liability, attorneys' fees incurred by a plaintiff in the litigation of his claim are not recoverable as an item of damages, either in an action ex contractu or an action ex delicto." *Hoge v. Burleigh County Water Management District,* 311 N.W.2d 23, 31 (N.D.1981). *See also, Baldus v. Mattern,* 93 N.W.2d 144 (N.D.1958); Section 28–26–01(1), N.D.C.C. The reason for this rule is that attorneys' fees are not a legitimate consequence of the tort or breach of contract; to allow these expenses to a successful plaintiff but not to a successful defendant would give one an unfair advantage. *Hoge,* 311 N.W.2d at 31; *Baldus,* 93 N.W.2d at 149. Although attorneys' fees can be awarded if agreed by the parties, either expressly or impliedly, such an agreement is limited by Section 28–26–04. Farmers Union cites *Hoge* in support of its contention that the awarding of attorneys' fees was proper in this case. In

decide. *Gulden v. Sloan,* 311 N.W.2d 568, 572 (N.D.1981); *Kuhn v. Kuhn,* 281 N.W.2d 230, 235 (N.D.1979).

*Hoge,* we affirmed the lower court's award of attorneys' fees because it had been impliedly agreed by the parties in an indemnity agreement. *Hoge,* however, is distinguishable from the case now before our Court. The decision in *Hoge* was based on Section 28–26–01(1), N.D.C.C., while the present case is controlled by Section 28–26–04, N.D.C.C. Section 28–26–04 specifies:

"Any provision contained in any note, bond, mortgage, security agreement, *or other evidence of debt* for the payment of an attorney's fee in case of default in payment or in proceedings had to collect such note, bond, or evidence of debt, or to foreclose such mortgage or security agreement, is against public policy and void." [Emphasis added.]

"Other evidence of debt" includes the personal guarantee agreement at issue in this case because the guarantee relates to the payment of debt. As the attorneys' fees were awarded because of the personal guarantee, and as the personal guarantee is a document relating to the payment of a debt, the attorneys' fees were awarded in violation of Section 28–26–04, N.D.C.C. The indemnity agreement in *Hoge,* on the other hand, did not relate to the payment of a debt and as such was not controlled by Section 28–26–04. We thus hold that the awarding of attorneys' fees of $750.00 to Farmers Union was improper, and that the part of the judgment awarding the attorneys' fees is reversed.

The part of the judgment awarding damages is remanded to the trial court to determine if, under the facts of this case, two months was a reasonable time of forbearance, or if bringing the suit within two months constituted a failure of consideration. The part of the judgment awarding attorneys' fees is reversed. The case is accordingly reversed in part and remanded for further proceedings pursuant to this opinion.

GIERKE, VANDE WALLE, MESCHKE and LEVINE, JJ., concur.